ALFRED NIKLES, Plaintiff and Appellant, *v.* CLIFFORD
F. BARNES and BERTHA BARNES, husband and wife
et al., Defendants and Respondents, and FRANK BARNES
and METT BARNES, husband and wife, Intervenors and
Respondents.

No. 11535.
Submitted April 14, 1969.
Decided May 16, 1969.
454 P.2d 608.

H. A. Bolinger, Jr., and Richard Andriolo, Bozeman, H. A. Bolinger, Jr. (argued), Bozeman, for appellant.

Anderson, Brown & Gilbert, Bozeman, Gene I. Brown and William E. Gilbert, (argued), Bozeman, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment entered in the district court of Gallatin County against the plaintiff, Alfred Nikles, hereinafter referred to as the appellant, in an action to obtain judgment on a promissory note and to foreclose an alleged second mortgage executed by the defendants.

The respondents, Frank Barnes and Mett Barnes, husband and wife, hereinafter referred to as the intervenors, intervened in the aforesaid action claiming sole ownership of the real property upon which the alleged mortgage was given to appellant and further asked that their title be quieted to this property. The defendants, Clifford Barnes and his son, Lance Barnes, and each of their wives did not defend and allowed a default to be entered against them.

The district court made findings of fact and conclusions of law and entered judgment in favor of the intervenors adjudging that the appellant was not entitled to foreclose the second mortgage; that the second mortgage was a nullity and of no force and effect; that the intervenors owned the real property involved, and, that the appellant pay to the intervenors' attorneys

$1,200 as reasonable attorneys' fees. A motion to amend the findings of fact and conclusions of law by the appellant was denied.

The land in question which shall be referred to as the Squaw Creek property, stood in the name of the intervenors Frank and Mett Barnes on the records of the clerk and recorder of Gallatin County. The purchase of the land had originally started as a purchase by defendants. Intervenor, Frank Barnes, testified that he had made the down payment on the property as a loan to his son and grandson, Clifford and Lance Barnes defendants herein, and they had executed an assignment of their interest in the property to him at that time. At some point in the transaction the character changed from a loan to a deed absolute. After the defendants continually defaulted, it was decided that Frank Barnes would make all of the payments and would receive absolute title. At the time of the last payment intervenors did not consider the defendants to have any interest whatsoever in the property. In addition to the purchase price of $7,000, intervenor Frank Barnes had also paid $2,000 on some machinery, together with interest. Frank Barnes further testified defendants made no payments under the terms of their agreement and that he had made them all. After the monies due were paid to the vendors, Mark Carter and his wife, a warranty deed was executed by the Carters to the intervenors, Frank and Mett Barnes.

Subsequently, the defendants defaulted to the appellant on the purchase of a motel in Manhattan, Montana. The new interstate by-passed the town of Manhattan and the motel was no longer good security for the contract. Apparently appellant was told by the defendants that they had some interest in the Squaw Creek property. A note for $5,000 and the mortgage in question was executed by the defendants to the appellant in consideration of the contract purchase price on the motel being reduced from $17,500 to $12,500 in a new contract.

Although the appellant knew that the intervenors had record

title and also of their whereabouts in Canada, a document purporting to be a statement signed by the intervenor Frank Barnes was accepted as the basis for the mortgage that was executed. This letter was introduced by the appellant and reads as follows

"Vernon, British Columbia
"August 16, 1965

"To Whom It May Concern:

"According to my records on the above date Clifford and Lance Barnes owe me $4534.00 on our contract and agreement on certain real estate situated in Squaw Creek in Gallatin Canyon, in Gallatin County, State of Montana. This includes interest to date.

"Signed this 16th day of August, 1965.

"s/ Frank Barnes"

Mr. Bolinger, one of appellant's attorneys testified the letter did not come through the mail but was given to him by Clifford Barnes and the other defendants. He further stated he had never had direct contact with Frank Barnes. Frank Barnes testified he at no time signed such a statement, that it was a forgery and he had never consented to a mortgage on the Squaw Creek property. Furthermore, Mr. Bolinger noted that the letter appeared to have been written on the same script typewriter as another of appellant's exhibits which one of the defendants, Bertha Barnes, wife of Clifford Barnes, had written. Bertha Barnes testified she had borrowed such a typewriter on occasion from her sister-in-law.

Defendant, Clifford Barnes, testified that at the time he gave the mortgage to the appellant he was aware that intervenors owned the title to the property and informed counsel for the appellant of that fact; that the only way he could possibly get "anything out of it was if the property sold for considerably more than he had into it." He further testified that the defendant had only a possessory interest in the property at the time both the note and mortgage were given to the appellant·

Mrs. Bertha Barnes testified that none of the defendants had contacted intervenors about the mortgage or the amount of money they had in the property, and agreed that at the time the last payment was made by intervenors the land became solely and exclusively theirs.

Appellant raises four questions on appeal: (1) Whether the appellant is entitled to foreclose the mortgage given to secure payment of the note subject to the equitable interest of the intervenors who hold the record title to the property; (2) Whether the court had jurisdiction to declare that the defendants had no interest in the property when the intervenors did not serve their answer and cross-complaint on the defendants; (3) Whether the court should have rendered judgment that the appellant pay attorneys' fees to intervenors' attorneys; (4) Whether appellant is entitled to judgment against the defendants on a note in the sum of $5,000.

Appellant contends that the deed in this case was a mortgage and results when a third party executes a deed to the lender to secure repayment of the loan. Beginning with the early case of Gassert v. Bogk, 7 Mont. 585, 19 P. 281, this Court held that one who asserts that a deed, absolute upon its face, is in fact a mortgage must prove the same by clear and convincing evidence.

In Nolan v. Benninghoff, 64 Mont. 68, 73, 208 P. 905, the Court held it is solely a question of what the parties intended whether the conveyance was an absolute deed or intended as security for an existing indebtedness. The vital test in determining that question is whether the indebtedness continues to exist. If the indebtedness remains uncanceled the absolute deed is treated in equity as a mortgage. The evidence in the instant case shows that the intervenors no longer considered there was any indebtedness, and had been trying to sell the land. The defendants all thought that when intervenors made the last payment the land became solely and exclusively theirs.

In the case of Boysun v. Boysun, 140 Mont. 85, 368 P.2d 439, the defendant, John Boysun, had executed a quit claim deed to

his brother Mike· Mike brought an action for quiet title and the defendant alleged that the deed was in reality a mortgage since his brother had merely loaned him $4,400 to save his land from foreclosure. This Court placed great weight on the fact that the agreement between the parties was—if the defendant paid the money back he was to get the property back. The Court then concluded that in theory the defendant had received an option to repurchase, indicating he felt no obligation to pay the money back but could do so if he desired. The defendant had also later received $11,000 for the land from his brother.

The Court in the Boysun case, supra, went on to say:

"The issue in this appeal is not solely whether the instrument executed by John and Tillie Boysun as grantors to Mike E. Boysun as grantee was intended as an absolute conveyance or as a mortgage. Rather, because of the position this court occupies in our judicial system, an additional issue is whether the evidence preponderates against the findings of the trial court."

█ Therefore, since the evidence presented on this appeal does not preponderate against the district court's findings on the issue, the matter is ended.

█ The evidence also supports the district court's finding that the defendants did not have a mortgageable interest in the property to begin with. Any interest which the defendants had, if any existed, was dependent upon a substantial increase in the value of the property subject to the good will of the intervenors.

█ Appellant also argues that that court lacked jurisdiction to set aside and declare null and void the mortgage executed by the defendants because defendants were not served with the cross-complaint of intervenors. Admitting merit to the argument, this issue it not relevant to the instant case as all authority cited by appellant related exclusively to indispensable parties who were not in any way parties to the lawsuits. In this case the defendants chose not to defend against the action filed by

appellant. These defendans claimed no valid interest in the property in question and thus had no interest to be affected by the judgment other than as respects the promissory note.

Furthermore, the serving of the cross-complaint on the defendants amounted to the law firm of Anderson, Brown and Gilbert serving it upon themselves. The firm represented the defendants at the time the cross-complaint of the intervenors was filed by one of the members of their firm. A motion of resignation as attorneys for the defendants was filed shortly thereafter. There was no conflict of interest since the defendants did not defend against this action and a default was entered·

Appellant contends in his third argument that the intervenors were not entitled to recover attorney fees on their action to quiet title. Intervenors' action to quiet title was a separate action and could have been instituted in the absence of any foreclosure proceedings and in addition, the appellant did not make them parties to this foreclosure action. The only relief the appellant could have been entitled to was to foreclose whatever interest the defendants had in said land subject to the prior alleged mortgage of intervenors.

Section 93-8613, R.C.M.1947, provides as follows:

"In an action to foreclose a mortgage of real property, or a security interest in personal property, the court must allow as a part of the costs a reasonable attorney's fee, which shall be fixed by the court, any stipulation in the instrument or any agreement between the parties to the contrary notwithstanding."

This statute does not entitle an intervenor to attorney's fees, however. He qualifies as neither the mortgagee bringing a foreclosure action nor as the possible successful mortagor defending such action. There is no statutory authority for the recovery of attorney's fees in an action to quiet title.

 This Court has consistently adhered to the principle that in the absence of some special agreement between the parties or statutory authorization attorney's fees are not recover-

able by the successful litigant. Kintner v. Harr, 146 Mont. 461, 408 P.2d 487. We agree with the appellant that intervenors are not entitled to recover for attorney's fees in this action and the judgment should be modified accordingly.

Appellant finally contends that there is no reason why he is not entitled to a judgment against the defendants on the $5,000 note and we are in accord. The evidence established all of the necessary elements of proof and counsel for the intervenors before this Court indicated that there is no objection to the judgment being entered.

The cause is remanded to the district court with directions to modify the judgment in accordance with this opinion.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES HASWELL, JOHN CONWAY HARRISON and BONNER, concur.