No. 12878

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

_____

ROBERT S. BITNEY,

Plaintiff and Appellant,

-vs-

SCHOOL DISTRICT NO. 44 et al.,

Defendants and Respondents.

_____

Appeal from:  District Court of the Eighteenth Judicial District,
              Honorable Jack D. Shanstrom, Judge presiding.

Counsel of Record:

    For Appellant:

        C. W. Jones argued, Billings, Montana

    For Respondents:

        Landoe and Gary, Bozeman, Montana
        Donald E. White argued, Bozeman, Montana

_____

                            Submitted:  March 4, 1975

                            Decided:  MAY 2 9 1975

Filed:

*Thomas J. Kearney*
                              Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from an amended judgment of the district court, Gallatin County, awarding plaintiff $166.47 in sick leave, and $1,347.90 in annual leave as compensation upon termination of his employment as superintendent of schools for School District No. 44, Gallatin County.

Plaintiff Robert S. Bitney was hired by defendant school district as school superintendent for the school years 1970-71, 1971-72, and 1972-73, under three separate written contracts of employment. Defendant school district at a board meeting held on January 9, 1974, resolved to terminate plaintiff's employment with the school district at the expiration of his contract for that school year.

Upon completion of the school year, plaintiff filed a claim with the school board for $4,537.93 for 75 days of unused annual leave; $513.34 for 34 days of unused sick leave; and $144.28 for fringe benefits. Plaintiff arrived at these figures by dividing his yearly salary by 12 for a monthly salary figure; divided that figure by 20, the average number of working days per month, for a daily rate of pay. He followed that procedure for each year he was employed by the school district; then multiplied the resulting figure by the number of days of annual leave and sick leave he had not used during that year.

Defendant school district denied his claim, but tendered plaintiff $166.47 as compensation for unused sick leave.

During the period of his employment plaintiff attended classes at Montana State University working towards his doctor of philosophy degree. The school board was aware of this at the time they entered into each of the employment contracts.

- 2 -

Plaintiff brought this action to recover the amount alleged due him by the school district. The cause was tried before the district court, sitting without a jury. The court in its original findings of fact and conclusions of law held that under the contract with the school district plaintiff's annual leave did not accrue from year to year and consequently plaintiff was entitled to only 20 days annual leave under his contract, but under section 59-1002, R.C.M. 1947, plaintiff is allowed, as a state employee, to accrue up to 30 days annual leave. The court further found that plaintiff had taken 3 days of annual leave during the school year and that he was away from his job attending classes at Montana State University for a period of time equivalent to 19 working days. The court found plaintiff had used 22 days of annual leave during the school year 1972-73, and under his contract was entitled to no reimbursement for annual leave, but under section 59-1002, he was entitled to 8 days of compensation for annual leave (30 days accumulated leave - 22 days used).

To find plaintiff's daily earnings, the court divided plaintiff's 1972-73 annual salary of $15,400 by 365, the number of days in a year, which results in a daily rate of $42.19. The court multiplied the daily rate by the 8 days found to be owing plaintiff, to arrive at $337.52, the amount the court stated the school district owed plaintiff for annual leave.

The court further found plaintiff was entitled to 12 days sick leave for 1971-72 and 12 days for 1972-73. The court then found that plaintiff's daily earnings for 1971-72 was $40.00 per day. Therefore, the school district owed as unused sick leave $480 to plaintiff for 1971-72, and $506.28 for 1972-73, for a total of $666.28. Under section 59-1008, R.C.M. 1947, plaintiff is entitled to a lump sum payment of one-quarter of that amount or $166.47.

Therefore, the court held the school district owed plaintiff $337.52 as compensation for annual leave and $166.47 as compensation for sick leave, or a total compensation of $503.99. The

- 3 -

court further ordered that each party pay its own attorney fee.

Plaintiff challenged those findings of fact and conclusions of law. A hearing was held on the challenge. The court then amended its findings and conclusions, finding that plaintiff was still entitled to $166.47 for sick leave, but was entitled to a full 30 days annual leave in addition to those days used in the 1972-73 school year. The court then took plaintiff's 1972-73 salary, found to be $16,400 rather than $15,400 previously used, and divided it by 365 days, which came to a daily rate of $44.93, which, multiplied by 30, came to $1,347.90 the amount due plaintiff for unused annual leave. The annual leave and sick leave total $1,514.37. From that amended judgment, plaintiff and defendant school district appeal.

The three contracts between plaintiff and the school district were identical, except for a yearly increase in salary, and read:

> "THIS AGREEMENT between Robert S. Bitney, a Superintendent duly qualified to supervise, administer, and teach in the Public Schools of Montana, Party of the First Part, and the Board of Trustees of Belgrade School District No. 44, County of Gallatin, State of Montana, Party of the Second Part:
>
> "WITNESSETH THAT: Party of the First Part agrees to perform the regular duties of a school administrator of such Second Class School during the ensuing year beginning July 1, 1972 and ending June 30, 1973:
>
> "* * *
>
> "AND THAT the Party of the Second Part further agrees to grant the Party of the First Part, one (1) full month's leave from his school duties, with full remuneration, in addition to the regular full sick leave allowed other teachers in the school system."

The question presented for review on appeal is whether plaintiff is entitled to accumulated annual leave, sick leave, and attorney fees.

- 4 -

Before plaintiff's right to accumulated annual leave and sick leave can be ascertained, it first must be determined whether his right to annual leave and sick leave is solely contractual, or whether he can bring himself within the purview of section 59-1002, and section 59-1008, R.C.M. 1947, which govern annual leave and sick leave of an employee of the state, county or city.

There is no doubt Mr. Bitney, as superintendent of schools, was an employee of the school district, and therefore a public employee. Section 59-1007, R.C.M. 1947, excludes school teachers from that part of the act allowing annual leave and sick leave. The question then becomes -- whether or not Bitney, as school superintendent, can be classified as a school teacher.

In State ex rel. Howard v. Ireland, 114 Mont. 488, 138 P.2d 569, this Court held that there is a distinction between a superintendent and a teacher in matters of hiring and dismissal. The distinction there, however, evolved from two different statutes for hiring and dismissal, one covering teachers and the other covering superintendents. Here, there are not two different statutes regulating the compensation of teachers and superintendents. Both are hired on a contractual relationship between the individual and the school board.

The contract itself states Bitney is qualified to teach in the school district and states he is entitled to "regular full sick leave allowed other teachers in the school system." (Emphasis ours). Such language implies both parties considered Bitney a school teacher. So for the purpose of interpreting this contract only, we classify Bitney as a school teacher, which would make sections 59-1002 and 59-1008, R.C.M. 1947, not applicable to him.

This problem then arises--teachers, because of the 9 month school year, do not receive vacation time. Superintendents serve the entire year, therefore annual leave becomes a necessity to their contracts. Here, Bitney contracted with the school board for one month's vacation time with full remuneration. The contract is silent as to accumulation and/or remuneration on termination. There

is only one superintendent to a school district and this problem rarely arises so there is no school district policy which would assist in the interpretation of the contract language.

The parties agree that we must look to the contract to determine Bitney's and the school district's rights and obligations. But, what standard should apply when the contract is silent or vague in this area? Does Bitney have a right to compensation for unused vacation time? Does he have a right to compensation for unused sick leave?

First, we consider the question of sick leave. Plaintiff's contract explicitly states:

> "AND THAT the party of the Second Part further agrees to grant the Party of the First Part, one (1) full month's leave from his school duties, with full remuneration, in addition to the regular full sick leave allowed other teachers in the school system." (Emphasis ours).

Therefore, we find plaintiff contracted for the regular sick leave granted to all teachers of the school district.

The "Board Policy/Teacher Handbook", a book distributed to all faculty members by the school district was entered into evidence. It states this policy of the school district as to sick leave compensation:

> "(a) Eight days of sick leave, with full pay, shall be given each year of contract employment.
>
> "(b) A teacher on contract may accumulate a total of forty days of sick leave during continuous tenure in the Belgrade Schools."

The book then goes on to explain the procedure if a teacher is sick and his or her sick leave accumulation. But nowhere does it provide for compensation for accumulated sick leave upon the termination of employment. Therefore we find there was no policy for compensation of unused sick leave by the school district upon termination of employment. The district court erred in awarding plaintiff $166.47 for accumulated unused sick leave.

As to the annual leave, the contract provides plaintiff shall receive one month's annual leave with full remuneration. And again, there is no school district policy concerning vacation time, and nothing mentioned in the handbook for teachers and superintendents. In order to interpret the contract, we feel compelled to turn to the overall policy established by the legislature concerning annual leave and its accumulation. Section 59-1002, R.C.M. 1947, before amendment in 1974, provided:

> "Annual vacation leave may be accumulated to a total not to exceed thirty (30) working days."

Since government agencies must work within the confines of a fiscal budget, it is only logical that the legislature limited the accumulation of annual leave. That way departments of government can estimate more precisely the annual leave compensation for employees terminating their employment. School districts must also work within budgets. They too, must know what to expect in compensating terminating employees.

Here, the contract in question is silent on the matter so we will apply the same standard established by the legislature "for all public employees", which would entitle plaintiff to 30 days accumulated annual leave upon termination of his employment with the school district.

It follows that we must determine how much compensation plaintiff is to be paid for the 30 day annual leave. There is no authority cited by either party as to the computation which must be used. Plaintiff argues that his annual salary should be divided by twelve to determine his monthly compensation; that amount should be divided by 20, for 20 working days in a month, to arrive at the daily wage; then that amount should be multiplied by the number of days of annual leave allowed.

Since there has been no authority cited by either party to demonstrate that the district court erred in determining the amount of annual leave compensation by dividing plaintiff's annual

salary by 365 to determine a daily wage, then multiplying the amount by the 30 days of annual leave accumulated, this Court finds the district court acted properly in its determination.

We find nothing in the record to support the annual salary figure of $16,400 for the 1972-73 school year. The amount of annual salary shown on the face of the 1972-73 contract is $15,400. That amount divided by 365 establishes a daily rate of $42.92. When that daily rate is multiplied by the 30 days of accrued leave it equals $1,287.60. This is the accrued vacation pay the school district owes plaintiff.

There is some controversy as to whether or not plaintiff should be charged annual leave for the time taken to attend school. The parties were aware of this arrangement at each contract time and selected to ignore it. The school district did not question the arrangement until this litigation arose and it appears that plaintiff's attendance at school benefited both plaintiff and the school district for the three year period in question. It is much too late now to examine into the arrangement and reform their mutual executed agreement.

The final issue for this Court's determination is the question of attorney fees. Plaintiff argues he is entitled to attorney fees as section 41-1306, R.C.M. 1947, expressly states that any judgment for wages shall include attorney fees. The school district counters that section 41-1301(3)(b), R.C.M. 1947, expressly excludes plaintiff from recovering attorney fees. It provides:

> "'Employer' includes an individual, partnership, association, corporation, business trust, a legal representative, or any organized group of persons, acting directly or indirectly in the interest of an employer in relation to an employee, but shall not include the United States, state of Montana, or any legal subdivision thereof." (Emphasis ours).

The general rule is that attorney fees are not recoverable by successful litigants either in law or equity, except where they are expressly provided for by contract or statute. Roseneau Food, Inc. v. Coleman, 140 Mont. 572, 374 P.2d 87. Although section

41-1306, R.C.M. 1947, provides for attorney fees in judgments for wages, this Court finds that section does not apply to state government or any of its subdivisions which would include defendant school district, for it is expressly excluded in the definition of employer as above quoted in section 41-1301(3)(b), R.C.M. 1947. Therefore, the district court properly denied attorney fees to plaintiff.

That part of the judgment of the district court granting sick leave terminative pay to plaintiff is reversed. We affirm that part of the judgment that awarded 30 days annual leave pay and denied attorney fees to plaintiff. We remand the cause to the district court for an order correcting the computation of annual leave awarded, consistent with this opinion.

                                        _____
                                                   Justice

We Concur:

_____

_____

_____

Justices.

Mr. Chief Justice James T. Harrison did not participate in this cause.