No. 13197

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

MARION CUSHMAN McMAHON,

        Plaintiff and Respondent,

-vs-

FALLS MOBILE HOME CENTER, INC., a
Montana Corporation,

        Defendant and Appellant.

---

Appeal from: District Court of the Eighth Judicial District,
             Honorable Paul G. Hatfield, Judge presiding.

Counsel of Record:

    For Appellant:

        LaRue Smith argued, Great Falls, Montana
        Cameron Ferguson, Great Falls, Montana

    For Respondent:

        John McCarvel argued, Great Falls, Montana

---

                Submitted: March 16, 1977

                Decided: JUL -1 1977

Filed: JUL -1 1977

Thomas J. Kearney
                      Clerk

Honorable Gordon Bennett, District Judge, sitting in place of Mr. Chief Justice Paul G. Hatfield, delivered the Opinion of the Court.

This is an appeal by Falls Mobile Home Center, Inc. (hereinafter referred to as "seller") from an order of the district court, Cascade County, granting damages and attorney fees to Marion C. McMahon (hereinafter referred to as "buyer"). The appeal was also from "every action [of the trial court] in this case."

In her complaint, filed March 7, 1974, the buyer asked rescission of her 1972 contract to purchase a mobile home on the ground of fraudulent inducement. She asked return of her payment on the contract and offered to return the home to the seller. After hearing, the court on April 29, 1975, ordered the seller to repair a "tip out section" and replace the back door within 30 days. It added that if defendant failed to carry out the order " * * * a rescission will be ordered to be carried out in more specific detail * * *." It also awarded attorney fees in an amount to be determined. On July 28, 1975, the court issued the order appealed from. This order noted the previous order had not been complied with and ordered one Martin Tries, otherwise unidentified in the order, to make an estimate of the cost of the repairs and that the amount thus determined would be assessed as damages. It also awarded attorney's fees in the amount of $1,200. No judgment was entered of record on either order.

The question of whether rescission was authorized or justified was argued and briefed extensively. The question is not germaine because rescission was never ordered or otherwise effectuated. While the court in its first order threatened to rescind the contract, it did not attempt or purport to do so in its second order.

- 2 -

Also copiously argued and briefed was the question of whether the court acted properly in granting specific performance, and then damages, when the prayer of the complaint asked for rescission only. In the first place, the prayer was not only for rescission but also for " * * * such other and further relief as to the court may seem just and equitable in the premises." With or without such a prayer, however, the prayer for rescission invoked the equitable powers of the court. The court having assumed equity jurisdiction could dispose of all questions properly raised, equitable or legal. Citizens State Bank v. Duus, 154 Mont. 18, 459 P.2d 696; Thisted v. Country Club Tower Corp., 146 Mont. 87, 405 P.2d 432. Here, the equitable question of specific performance was raised and litigated. Under Rule 15(b), M.R.Civ.P. the issue could be decided in either law or equity, even if it had not been pleaded. The court heard substantial evidence of an amendatory oral contract to make repairs without objection. It was shown that the contract escaped the statute of frauds by being performable in less than a year, and being partly performed within that time. Consideration for the contract was provided by the buyer's agreement to release liability for damages upon completion of the repairs. Having found, upon substantial evidence, that the contract was unperformed, the court in its April order directed the seller to fully perform, thus discharging its purely equitable function. When the court found in July that the seller had failed to perform, it resorted to a legal remedy, damages. We find no error in this approach.

We do question, however, the delegation by the court of the determination of the amount of damages to an appraiser, as was done in the July order. The order specified: " * * * that Martin Tries make an estimate of the cost of labor and materials to effect the said repairs * * * and that the amount thus determined be and the same is hereby assessed as damages against the

defendant herein." It is not at all clear from the transcript that this is what the court intended. On the contrary, it seems clear the court intended that Tries be constituted a kind of master under Rule 53, M.R.Civ.P., to determine the cost of repair which the court would assess as damages. But the order appeared to adopt in praesenti any damages that Tries might determine in futuro. This is impermissible on two grounds: it makes the award indefinite and delegates an exclusive judicial function to a nonjudicial agent. Money judgments must be stated in dollars and cents (section 93-4710, R.C.M. 1947) and the amount may not be left to a ministerial officer to be determined from data outside the record. Thomas v. McElroy, 420 S.W.2d 530, 243 Ark. 465; Hendryx v. W. L. Moody Cotton Co., 257 S.W. 305.

The final question raised is as to the awarding of $1,200 in attorney fees to the buyer in the July order. As there is no statutory basis for such an award, that part of the order must be reversed.

The cause is remanded for determination by the district court of specific money damages under the original written contract or the amendatory oral contract, or both.

_____
Hon. Gordon Bennett, District
Judge, sitting in place of Mr.
Chief Justice Paul G. Hatfield.

We concur:

_____

_____

_____

_____
Justices

- 4 -