No. 14029

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

DARBY J. FOY and JO ANN K. GILREATH,

        Plaintiffs and Respondents,

-vs-

DAVID R. ANDERSON,
          Defendant and Third Party Plaintiff and
          Appellant,
    -vs-
FARMERS INSURANCE EXCHANGE, an insurance
corporation, BUD SMITH, THE STATE OF MONTANA
DEPARTMENT OF HIGHWAYS and KAREN EGGAN,
          Third Party Defendants.

---

Appeal from:  District Court of the First Judicial District,
           Honorable Nat Allen, Judge presiding.

Counsel of Record:

    For Appellant:

        Smith Law Firm, Helena, Montana
        Robert J. Sewell, Jr. argued, Helena, Montana

    For Respondents:

        Patrick F. Hooks, Townsend, Montana
        Daley and Sherlock, Kalispell, Montana
        Gough, Shanahan, Johnson and Waterman, Helena, Montana
        Penwell and Bryan, Bozeman, Montana
        Mark A. Bryan argued, Bozeman, Montana

---

Submitted:  May 2, 1978

Decided: JUN 1 8 1978

Filed: JUN 1 8 1978

Thomas J. Kearney
                     Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court:

This is an appeal from the dismissal of a third party declaratory action filed in the District Court, Lewis and Clark County.

On September 5, 1975, Karen Eggan was a passenger with Darby Foy in a Volkswagen driven by Jo Ann K. Gilreath. The Gilreath car was struck in the rear by David R. Anderson who was driving his car in the same direction. Both Jo Ann K. Gilreath and Darby J. Foy sustained injuries as a result of the accident. Karen Eggan sustained only minor injuries. Subsequently Foy and Gilreath brought separate actions against David Anderson to recover for personal injuries and property damage. Karen Eggan has never presented a claim for damages against David Anderson and does not contemplate doing so.

David R. Anderson alleges that Karen Eggan has asserted a claim against him for personal injuries based upon the affidavit of Gary W. Younker an insurance agent who went to the Eggan residence to get a statement concerning the accident. Karen Eggan was not at home so Younker spoke with Karen's mother. Younker alleges in his affidavit that at some point during that conversation Mrs. Eggan stated they "were contemplating getting an attorney and joining in the lawsuit." Younker has never spoken with Karen Eggan. There has been no allegation by David R. Anderson that Karen Eggan has made a statement that she has ever contemplated joining the lawsuit.

David Anderson purchased a policy of insurance from Farmers Insurance Exchange on the automobile he was driving at the time of the collision. After the collision a dispute arose between

Anderson and Farmers Insurance Exchange whether coverage was afforded Anderson under the policy. Farmers refused coverage and would not defend the Gilreath and Foy actions. David Anderson then commenced a third party declaratory judgment action pursuant to Rule 57, M.R.Civ.P., and sections 93-8901 to 93-8916, R.C.M. 1947, on April 1, 1977, against Farmers Insurance Exchange, its agent who sold the insurance and also against the state of Montana Department of Highways and Karen Eggan. The basis of the third party action for declaratory judgment against the state of Montana and Karen Eggan is that both parties have asserted a claim for damages against him arising from the automobile accident and that common issues of law and fact are involved in the actions.

On April 18, 1977, Karen Eggan filed her motion to dismiss and a supporting brief. David Anderson filed his brief in opposition to the motion to dismiss and included the affidavit of Gary W. Younker. Subsequently Karen Eggan filed a supplemental brief. On April 21, 1977, Hon. Gordon R. Bennett granted David R. Anderson's motion for consolidation, and consolidated Lewis and Clark County District Court's Cause No. 40502 with and into its Cause No. 40497. On April 25, 1977, Hon. Nat Allen assumed jurisdiction of Cause No. 40497. Because Karen Eggan's motion to dismiss was not decided by Judge Bennett before Judge Allen assumed jurisdiction the matter was submitted to Judge Allen for resolution. On September 7, 1977, Judge Allen entered his order dismissing Karen Eggan as third party plaintiff and awarded her $200 attorney fees. The order states:

> "Third party defendant Karen Eggan's motion for an order dismissing the Third Party Plaintiff's claim having been briefed to the Court by both sides, and the Court being fully advised in the premises;

"IT IS ORDERED that said motion is hereby granted and allowed, and Karen Eggan is dismissed as a party to this suit for the reason she was not injured and has no claim against third party plaintiff, and to do otherwise would be forcing litigation on the plaintiff that does not wish to sue.

"IT IS FURTHER ORDERED that she be granted an Attorney fee of $200.00 against Defendant David R. Anderson."

We note that not until after the motion to dismiss and briefs had been submitted and Karen Eggan had incurred legal expenses was any offer tendered to her to be released from the law suit and the offer did not include the payment of the legal expenses she had incurred.

The issues presented on appeal for the Court's consideration are:

1) Whether the District Court properly dismissed Karen Eggan as a party in the action?

2) Whether the District Court properly awarded Karen Eggan attorney fees?

Plaintiff Anderson is seeking to compel defendant Eggan to bring a complaint against him for personal injuries that she allegedly suffered as a result of the automobile collision on September 5, 1975. Such a complaint violates both the letter and the spirit of the law. The Montana Rules of Civil Procedure were enacted to provide for a complete adjudication of all claims arising out of a single occurrence; the rules were not designed to encourage or promote litigation, as plaintiff Anderson seeks to do, by requiring defendant Eggan to appear and bring suit.

The contention of plaintiff Anderson that Karen Eggan is a necessary party to this suit cannot be sustained. Eggan is not an indispensable party under Rule 19, M.R.Civ.P. The insurance company's liability on the insurance contract can be decided

- 4 -

without Karen Eggan. In the language of Rule 19, M.R.Civ.P., a person is an indispensable party if in his absence complete relief cannot be granted. This is not the case here.

The Montana Declaratory Judgments Act contains no express requirement that all parties with interest must be joined. There is no language in the Act from which such a requirement can be implied. Section 93-8911 provides:

> "Parties. When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. * * *"

Defendant Eggan asserts no claim or interest with respect to this insurance policy coverage or in the lawsuit. Further, Count No. IV relating to Karen Eggan does not state a claim for which relief can be granted under the Declaratory Judgments Act. 22 Am Jur 2d, Declaratory Judgments §§ 10,11,18,19,23.

Plaintiff Anderson points out that the law in Montana regarding attorney fees, in the absence of a specific contractual or statutory grant, is that the prevailing party in an action is not entitled to an award of attorney fees either as costs of the action or as an element of damages. Bitney v. School District No. 44, (1975), 167 Mont. 129, 535 P.2d 1273; McMahon v. Falls Mobile Home Center, Inc., (1977), ____Mont.____, 566 P.2d 75, 34 St.Rep. 584; Nikles v. Barnes, (1969), 153 Mont. 113, 454 P.2d 608.

The cited law is correct in regard to attorney fees. However, it must be remembered that the District Court has discretionary power in dismissing an action as it did in this case. The court also reserves the power to grant complete relief under its equity power. This is meant to establish no precedent, but must be determined on a case by case basis.

- 5 -

If equity is to be done in a situation such as this, the attorney fee must be sustained. Plaintiff Anderson sought to bring defendant Eggan into the lawsuit when she had asserted no claim against him and had no intention of doing so. For this reason she submitted a motion to dismiss which was granted by the trial court. Plaintiff Anderson forced her to secure the services of an attorney to examine the case and submit a motion to dismiss and through no fault on her part to incur attorney fees and costs. If defendant Eggan is dismissed from the case and not awarded attorney fees, she will not be made whole or returned to the same position as before plaintiff Anderson attempted to bring her into the lawsuit.

Judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices.

Mr. Chief Justice Frank I. Haswell, dissenting

I respectfully dissent to the award of attorney fees.

The majority recognize that attorney fees cannot be awarded to the prevailing party in the absence of statute or contract. Here there is neither. The award is justified on the basis of making the prevailing party whole and granting complete relief. This justification is equally applicable to any defendant who is sued, hires an attorney, and ultimately prevails.

In my view, this decision constitutes a sharp break from existing law, the denial of precedential value by the majority notwithstanding. If the prevailing defendant is to be made whole and granted complete relief, why doesn't this case establish a precedent?

Substantial arguments can be made for and against awarding attorney fees to the prevailing party in a lawsuit. In my view this is a matter of public policy to be resolved by the legislature. To date the legislature has not seen fit to grant attorney fees to a prevailing defendant (except in certain instances not pertinent to this case, e.g. eminent domain and reciprocal rights statutes).

I would adhere to existing law and require statutory authorization for an award of attorney fees in the absence of contract.

_____
Chief Justice