No. 80-161

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

W. D. MARTIN, a/k/a DON MARTIN
and ANN MARTIN, his wife,

                  Plaintiffs and Respondents,

    vs.

GENE RANDONO, CAROL RANDONO,
his wife and GREAT FALLS FOREST
PRODUCTS INC., a Mt. corp.

                Defendants and Appellants.

---

Appeal from:  District Court of the First Judicial District,
              In and for the County of Lewis and Clark.
              Honorable Gordon Bennett, Judge presiding.

Counsel of Record:

    For Appellants:

    Joseph C. Engel, Butte, Montana

    For Respondents:

    C. F. Mackay, Anaconda, Montana

---

Submitted on briefs: January 8, 1981

Decided: February 17, 1981

Filed: FEB 17 1981

*Thomas J. Kearney*

Clerk

Mr. Justice Frank B. Morrison delivered the Opinion of the Court.

This is an appeal from a judgment of the District Court, Lewis & Clark County, decreeing: (1) that no damages be awarded defendants for lost rents from premises that were the subject of this action; (2) that no damages be awarded defendants for loss of sale of such premises; (3) that defendants not be awarded attorney fees as the prevailing party in this action; (4) that W. A. Randono not be compensated for time personally spent in recovering the property. Defendants were awarded costs totaling $1,524.57 and neither party appeals that part of the judgment.

The cause was previously before this Court. Martin v. Randono (1978), 175 Mont. 321, 573 P.2d 1156, contains a detailed discussion of the facts.

In 1972, the plaintiffs filed an action to quiet title on a twenty-two acre tract of land located seven miles east of Lincoln, Montana. Title was claimed through adverse possession. Defendants, the Randonos and Great Falls Forest Products, Inc., (a Randono family owned corporation) counterclaimed contending ownership and sought damages for wrongful occupation of property.

In 1975, the District Court decreed the plaintiffs had established title to the tract of land by adverse possession. On appeal, Martin v. Randono, supra, this judgment was reversed and remanded for determination of damages on defendants' counterclaim.

The District Court ordered an evidentiary hearing to establish the amount of damages resulting from plaintiffs' wrongful occupation. Hearings were held on March 9 and 12, 1979, and on June 26, 1979.

After receiving all evidence, the District Court entered its judgment from which the defendants appeal.

The following issues are presented on appeal:

1. Did the District Court err in not awarding damages to defendants for lost rents?

2. Did the District Court err in not awarding damages to defendants for loss of sale?

3. Did the District Court err in not awarding defendants attorney fees?

4. Did the District Court err in not awarding W. A. Randono damages for time expended as costs of recovering the property.

Plaintiffs conceded liability for damages, if any, for wrongful occupation, if their claim of adverse possession was not upheld. Since adverse possession was held not to lie, Martin v. Randono, supra, plaintiffs became liable for any damages proven by defendants.

Defendants' measure of damage is governed by section 27-1-318, MCA, which states:

> "Wrongful occupation of real property. The detriment caused by the wrongful occupation of real property . . . is deemed to be the value of the use of the property for the time of such occupation, not exceeding five years next preceding the commencement of the action or proceeding to enforce the right to damages, and the costs, if any, of recovering the possession."

Defendants claimed for lost rental value. The property produced no income during the period in question. In an attempt to prove damage, W. A. Randono, testifying on behalf of the defendants, gave varying estimates of the rental value. In interrogatory answers dated 1975, the lost rental value was placed at $1,500 per year; in answers to interrogatories submitted in 1979, the rental value was claimed to be $3,000 per month, plus $50 to $100 a month for some cabins; at the time of

-3-

trial, Randono gave estimates ranging from $4,000 per year to $10,000 per year. One could only speculate about what damage, if any, was suffered. In Cruse v. Clawson (1960), 137 Mont. 439, 352 P.2d 989, this Court stated: ". . . a person may recover for loss of profits where it is shown that such loss is the natural and direct result of the act of the defendant complained of and that such amount is certain and not speculative." (Emphasis added.)

Defendants contend that proof of damages must be speculative to a degree in this case and that, therefore, the owner must be able to establish value. In support, defendants cite Pritchard Petroleum Co. v. Farmers Co-op Oil & Sup. Co. (1948), 121 Mont. 1, 190 P.2d 55, for the proposition that the owner's opinion of rental value is controlling. However, Pritchard is distinguishable because the court determined only that an owner's testimony of the value of the use of property was sufficient to preclude nonsuit by the opposing party. It should also be noted that in Pritchard the owner set forth only one estimate of the value of the rental, not four, as did W. A. Randono in the instant case. The burden of preponderance is not necessarily satisfied by offering some admissible evidence. Credibility is a necessary ingredient of probative proof. We cannot say the trial court was clearly erroneous in finding defendants failed to carry their burden.

Defendants claim they lost a sale of the land as a result of plaintiffs' wrongful occupation. W. A. Randono testified that a "firm commitment" had been reached between himself and a prospective purchaser, regarding a sale of the property but the sale failed because of plaintiffs' claim of ownership. Randono later testified, however, that they were only "negotiating the deal." The prospective buyer testified that he

not sure whether the "deal" was to cover ten or twenty acres. Some testimony showed Randono and the potential buyer were considering a purchase at $2,000 per acre. However, other testimony showed the land to be worth less than $500 per acre at the time negotiations were being conducted. Defendants admitted at the evidentiary hearing that the entire twenty-two acre tract, which was the subject of this dispute, was later sold by defendants to a different buyer for $1,505 per acre.

Given the evidence presented, defendants failed to prove that a sale was lost as the result of wrongful occupation. Had a sale been lost, evidence exists to support a finding that defendants failed to prove damage.

We turn now to defendants' claim for attorney fees. The general rule is that in absence of statute or contract, attorney fees will not be awarded. Bitney v. School Dist. No. 44 (1975), 167 Mont. 129, 535 P.2d 1273; Nikles v. Barnes (1969), 153 Mont. 113, 454 P.2d 608.

Defendants contend that attorney fees should be construed as ". . . costs, if any, of recovering the possession [of real property]," pursuant to section 27-1-318, MCA, or in the alternative such fees should be awarded pursuant to the equitable principle espoused in Foy v. Anderson (1978), 176 Mont. 507, 580 P.2d 114. We decline to follow either contention in this case.

The rule is well established in Montana. The statutory term "costs" does not include attorney fees. Higgins v. Montana Hotel Corp. (1979), ____Mont.____, 592 P.2d 930, 36 St.Rep. 531.

The court's equity power to award attorney fees was discussed in Joseph Russell Rlty. Co. v. Kenneally (1980), ____ Mont.____, 605 P.2d 1107, 37 St.Rep. 57. This Court recog-

nized the lower court's general equity power to make an injured party whole and that in some isolated cases, attorney fees could properly come within that power. However, the court determined that such an award was within the lower court's discretion (citing Foy v. Anderson, supra) and that absent an abuse of discretion, the lower court's determination would stand.

As in Russell Rlty. Co., supra, this Court finds no abuse of discretion by the lower court in not awarding attorney fees to the defendants.

Finally, defendants contend that W. A. Randono should be compensated for the time he spent in recovering the property including time spent in preparing for trial. Defendants rely on section 27-1-317, MCA, and section 27-1-320(1), MCA. Defendants' reliance upon these provisions is misplaced. Section 27-1-317, MCA, provides a measure of damages only where damages are not expressly provided for elsewhere in the code. Section 27-1-318, MCA, governs measure of damages in instances of wrongful occupation and therefore, section 27-1-317, MCA, is not applicable. Section 27-1-320(1), MCA, is applicable only to conversions of personal property, which is inapplicable to the case at bar.

The personal time invested by W. A. Randono is not a "cost" as required by section 27-1-318, MCA, and therefore, not recoverable.

The judgment of the District Court is affirmed.

_____
                    Justice

We concur:

_____
Frank I. Haswell
Chief Justice

_____

_____
John Conway Harrison

_____
Daniel J. Shea
Justices