No. 85-538

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

IN RE THE MARRIAGE OF

VYONNE G. HEREFORD,

    Petitioner and Appellant,

    and

FRANK G. HEREFORD,

    Respondent and Respondent.

---

APPEAL FROM:  District Court of the Fourth Judicial District,
              In and for the County of Missoula,
              The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Ferguson & Mitchell; Carol Mitchell, Missoula, Montana

    For Respondent:

        Tipp, Hoven, Skjelset & Frizzell; Raymond P. Tipp,
        Missoula, Montana

---

                          Submitted on Briefs: May 30, 1986

                              Decided: August 21, 1986

Filed:  AUG 21 1986

                    _Ethel M. Harrison_
        _____
                        Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal from the Findings of Fact, Conclusions of Law and Order entered by the District Court of the Fourth Judicial District, Missoula County. The District Court refused to find Frank Hereford in contempt for failure to comply with a divorce decree, and awarded Frank his attorney's fees.

In 1979 the Herefords were divorced. Mr. Hereford was given custody of the children, and was allowed to stay in the family home until July 1981. The home was the only substantial asset of the parties and after the children reached eighteen, it was to be sold and the proceeds divided between the parties.

In March 1985, Vyonne Hereford moved for a temporary restraining order and order to show cause as to why Frank should not be held in contempt for failure to comply with the dissolution decree. She alleged that several items of personal property have not been divided between the parties. She also alleged that Frank had not maintained the real property or placed the house for sale. She requested that she be allowed to sell the house and have the proceeds equitably divided.

A hearing on the motion was held in June 1985. The District Court found that the allegations in Vyonne's petition were untrue and so unfounded upon reasonable grounds as to constitute harassment. The court refused to hold the husband in contempt, quashed the temporary restraining order, and awarded Frank his attorney's fees. From this order, Vyonne appeals.

The wife raises three issues on appeal:

1. Does the District Court possess any authority, under the Uniform Marriage and Dissolution Act (UMDA), Title 40, MCA, or otherwise, to award attorney fees for "vexation" in noncustodial litigation, without taking into consideration the financial circumstances of the parties?

2. In the circumstances of this case, was the court justified in awarding attorney's fees to husband, where wife made certain factual errors in her preliminary affidavit, but showed at hearing that the primary marital asset (and the only one in which she had been awarded a substantial interest under the 1979 divorce decree), the family home, was unsold in 1985, though required to be sold in mid-1981 by the terms of the decree?

3. Was the court justified in issuing an order refusing to take any action on, or even address, the issue of effectuating the 1979 decree, in effect providing husband with free housing, and indefinitely confiscating wife's share of the marital estate?

The first issue is whether the District Court has the authority under the UMDA to award attorney's fees for vexation in noncustodial litigation, without taking into consideration the financial circumstances of the parties. We hold it does not. Under the UMDA, there are two statutes which allow district courts to award attorney's fees against a party. The first is § 40-4-219(2), MCA, which allows an award of attorney's fees against a party seeking modification of a child custody decree if the court finds the modification action is vexatious and constitutes harassment. That statute does not apply to the case at hand. This is not a child custody argument.

The second statute which authorizes awards of attorney's fees is § 40-4-110, MCA. That statute provides that, after considering the financial resources of both parties, the court may order a party to pay a reasonable amount for attorney's fees. The purpose of this statute is to equalize the status of the parties in a dissolution proceeding. Thompson v. Thompson (Mont. 1981), 630 P.2d 243, 244. It was not intended to be punitive. Thus § 40-4-110, MCA, does not give the District Court authority to award attorney's fees in this case without considering the financial resources of the parties.

The second issue on appeal is whether under the circumstances of this case the District Court was justified in awarding attorney's fees to the husband. We hold it was. The general rule is that a party is not entitled to attorney's fees absent a specific contractual provision or statutory grant. In Re Marriage of Cannon (Mont. 1985), 697 P.2d 901, 903, 42 St.Rep. 348, 351; Martin v. Crown Life Insurance Co. (Mont. 1983), 658 P.2d 1099, 1104, 40 St.Rep. 216, 221. However this Court has recognized a narrow exception to that rule in Foy v. Anderson (1978), 176 Mont. 507, 580 P.2d 114. In Foy we stated that the District Court reserves the power to grant complete relief under its equity powers, which may include awarding attorney's fees in rare cases. Foy, 580 P.2d at 116-17. In two later cases, we recognized that the award of attorney's fees is within the district court's discretion and that absent an abuse of discretion, the district court's determination will stand. Martin v. Randono (Mont. 1981), 623 P.2d 959, 962, 38 St.Rep. 209, 212; Joseph Russell Realty. Co. v. Kenneally (1980), 184 Mont. 496, 505, 605 P.2d 1107, 1112. In this case we hold

- 4 -

the District Court did not abuse its discretion. We so hold for two reasons. First, the allegations in the motion for the temporary restraining order and accompanying affidavit were untrue. Second, the language of the original divorce decree stated:

> [T]he real property acquired by the parties at 4318 Rainbow Drive, Missoula, Montana, shall remain in the possession of the Respondent to 1 July 1981, during which time Respondent is ordered to maintain and insure the said property and to pay and discharge the mortgage payments due thereon. Immediately following July 1, 1981, the parties shall cause the said property to be appraised by a qualified appraiser, and placed for sale, and upon said sale, the net proceeds shall be divided equally between the Petitioner and Respondent.

The language of the decree does not impose a duty on Frank alone to sell the house. It charges both parties with the responsibility of listing and selling the house. In bringing this contempt action against Frank, Vyonne forced him to incur attorney's fees to defend himself. The District Court did not abuse its discretion in awarding Frank those attorney's fees.

The third issue raised by appellant is whether the District Court abused its discretion in taking no action to enforce the property settlement decree. In her original motion for the temporary restraining order, the appellant requested that she be authorized to list and sell the house.

The problem in this case is in the drafting of the original dissolution decree. The language "the parties shall cause the said property to be appraised by a qualified appraiser, and placed for sale . . . ." is not a model of clarity in drafting. The decree places no specific burden on an identifiable party within any time period. It requires only that someone appraise and list the house. It technically does not even require the house to be sold. The

property could be, and has been, listed for years without selling. Yet sales remain within the language, if not the spirit, of the decree. Clearly the decree must be modified to place specific burdens on identifiable parties to get the house sold within a reasonable time. Since the District Court did not address this issue, we remand this case to the District Court to make such further provision for sale of the house as may be needed. The remainder of the decree is affirmed.

Remanded with instructions. No costs to either party.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices