JUSTICE TRIEWEILER
dissenting:
I dissent from the opinion of the majority. Section 27-19-406, MCA, provides that when an injunction is granted and afterward dissolved, the party who was successful in having the injunction dissolved may recover attorney fees. In this case, if the respondents had been successful they would have been entitled to an award of attorney fees. It makes no sense and is not equitable that the plaintiff who was, after all, the aggrieved party, is not entitled to the same relief.
In Foy v. Anderson (1978), 176 Mont. 507, 580 P.2d 114, we held that in spite of the traditional rule that a prevailing party is not entitled to an award of attorney fees, attorney fees can be awarded at the discretion of the trial court where it is necessary in order to achieve an equitable result. In affirming an award of attorney fees to the defendant in that case, we stated:
If defendant Eggan is dismissed from the case and not awarded attorney fees, she will not be made whole or returned to the same position as before plaintiff Anderson attempted to bring her into the lawsuit.
*273 Foy, 580 P.2d at 117.
Likewise, in this case, without an award of attorney fees, plaintiff is not returned to the same position as before access to her property was unlawfully obstructed. Furthermore, without an award of attorney fees, she has not received the same protection under the law that defendants would have received had they prevailed in this action.
Therefore, I would reverse the judgment of the District Court.