# FILED

January 3 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA



DA 11-0434

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 2N

RONALD SAXON,

       Plaintiff and Appellant,

  v.

PHYLLIS SAXON,

       Defendant and Appellee.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Madison, Cause No. DV 2010-0087
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Ronald Saxon (self-represented litigant); Bozeman, Montana

      For Appellee:

          Victor N. Bunitsky, Attorney at Law; Virginia City, Montana

Submitted on Briefs:  December 14, 2011

Decided:  January 3, 2012

Filed:

_____
                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    In May, 2010, Ronald Saxon filed an action against his sister Phyllis Saxon in Justice Court in Madison County, Montana, alleging that she had sold him a truck "that wasn't hers."  After a hearing the Justice Court entered judgment for Phyllis and in October, 2010, Ronald appealed to the Fifth Judicial District Court.  Phyllis moved for summary judgment, supplying affidavits that demonstrated that Sandra Iverson was the owner of the truck; that Ronald had contracted with Iverson to buy the truck; and that at all pertinent times Ronald knew that his contract to buy the truck was with Iverson and not with Phyllis.  The District Court found that Ronald "utterly failed to address these facts" and failed to meet his burden to respond to the motion for summary judgment by showing that there were genuine issues of material fact.  The District Court therefore concluded that Phyllis was entitled to summary judgment.

¶3    Upon Phyllis' motion the District Court also struck Ronald's document filed in opposition to summary judgment because of its reliance upon "redundant, immaterial and impertinent matters, and the fact that his comments regarding Phyllis' sexual orientation were wholly inappropriate."  Further, the District Court applied the standard of *Foy v.*

2

*Anderson*, 176 Mont. 507, 580 P.2d 114 (1978), to determine that Phyllis was entitled to attorney fees for having to hire counsel to defend a frivolous lawsuit.

¶4     It is clear from the record that Phyllis submitted affidavits demonstrating that she had no contract with Ronald regarding the truck, and that any contract was with Iverson. It is also clear from the record that Ronald failed to produce any affidavits or admissible evidence to show that there was any genuine dispute on the essential fact of the identity of the contracting parties.

¶5     Our de novo review of the record demonstrates that the District Court applied the proper legal standard in M. R. Civ. P. 56 and properly granted summary judgment to Phyllis. It is manifest from the record that the District Court applied the proper standard and did not abuse its discretion in awarding attorney fees to Phyllis. We find no reason in fact or law to disturb the District Court's order.

¶6     Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ MICHAEL E WHEAT