STATE OF MONTANA ex rel. LESTER C. LARSON, Petitioner, v. THE DISTRICT COURT OF THE EIGHTH JUDICIAL DISTRICT of the STATE OF MONTANA, in and for THE COUNTY OF CASCADE, and the Honorable PAUL G. HATFIELD, Judge thereof, Defendants.

No. 11274.
Submitted January 23, 1967.   Decided February 2, 1967.
423 P.2d 598.

132

Hoyt & Bottomly, Great Falls, for petitioner.

Jardine, Stevenson, Blewett & Weaver, George McCabe, Great Falls, for defendants.

MR. CHIEF JUSTICE JAMES T. HARRISON, delivered the Opinion of the Court.

This is an original proceeding wherein petitioner seeks a writ of supervisory control or other appropriate writ. Following an ex parte hearing an order to show cause was issued by this Court on January 11, 1967. The matter was argued before this Court on January 23, 1967.

Petitioner is Lester C. Larson, plaintiff in Civil Cause No. 66861 C, entitled Lester C. Larson v. North Central Life Insurance Company, and will be referred to as petitioner. The defendants in this proceeding are the district court of the Eighth Judicial District of the State of Montana, the Judge of Department C thereof, and they will be referred to as the district court, and the North Central Life Insurance Company, which will be referred to as North Central.

The facts which give rise to this proceeding are these, Petitioner's complaint in Civil Cause No. 66861 C, briefly summarized, made the following allegations: In September of 1964,

petitioner bought a used car from a car dealer. His method of paying for the car was the installment contract plan. This contract included a disability insurance policy with North Central as insurer. This disability insurance provided that in the event the petitioner should become disabled to the degree that he was unable to engage in any gainful occupation for which he was reasonably qualified by reason of his education, training and experience, resulting from an accident, the insurance purchased by petitioner and included in the installment contract would make the monthly installment payments.

Petitioner suffered an industrial accident in April of 1965, and his leg was amputated below the knee as a result of this accident. Later the leg was re-amputated below the hip. Petitioner alleges that as a result of this accident and the ensuing operations he has been totally disabled from engaging in any gainful occupation for which he is reasonably qualified by reason of education, training or experience. North Central made some installment payments. Petitioner further alleges that North Central was late in making these payments as a result of which petitioner was threatened with having his car repossessed on several occasions. Petitioner then engaged attorneys to compel North Central to make the payments pursuant to the policy. Petitioner, through his attorneys, made several demands on North Central to make the required payments and offered to allow North Central to have a doctor of its own choice examine the petitioner in order to satisfy itself that petitioner was disabled within the meaning of the policy.

North Central made no attempt to examine the petitioner and finally announced on August 16, 1966, that it would make no further payments under the terms of the insurance policy.

Petitioner alleges he was then forced to borrow money to pay the installment contract as a result of North Central's refusal to make further payments.

Petitioner further alleges in his complaint that the conduct of North Central in refusing to pay the installment payments

134

was in violation of the laws of Montana and that it was oppressive, malicious and fraudulent to the petitioner.

Finally, the petitioner prays for actual damages and for punitive or exemplary damages.

North Central filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted, which was denied, and a motion to strike portions of the complaint dealing with puntive damages. The district court granted the motion to strike stating in its order that it was of "the opinion that the case of Westfall v. Motors Insurance Corp., 140 Mont. 564, 374 P.2d 96, bars exemplary damages * * *."

Since the district court granted the motion to strike on the authority of the Westfall case, supra, we must examine the factual situation of that case in relation to the facts as alleged in the complaint in this case. In this case we are still at the pleading stage. Therefore, we will accept the allegations of petitioner's complaint as true, realizing that all the allegations are subject to proof through the regular trial procedures.

Westfall had a claim against Motors Insurance Company for a loss related to a used car which he had recently purchased and wrecked. After some negotiations with the defendant's adjuster, Westfall signed a Damage Agreement and a Bill of Sale to his car. Westfall contended that the adjuster represented to him that after the conditional sales contract still owing on his car was paid off there would be "something" left over for Westfall. The only "something" which Westfall received was the unearned portion of the insurance premium. Westfall then asserted that the defendant's adjuster had made the representation fraudulently, knowing all the time that it was untrue. We held that exemplary damages were not proper in the case since the action was one arising out of contract. There were no allegations in the Westfall case, supra, that the alleged fraudulent representation was an unlawful act in violation of the insurance laws of Montana.

Making reference to the Westfall case, supra, and to

section 17-208, R.C.M.1947, North Central takes the position that exemplary damages are not proper in any action arising out of a contract obligation. We note, however, that section 17-201 provides that "Every person who suffers detriment from the unlawful act or omission of another may recover from the person in fault a compensation therefor in money, which is called damages." Therefore, if a party can state a claim which brings him under the provisions of section 17-201, he can also come within the provisions of section 17-208 and attempt to collect exemplary damages.

In the instant case petitioner alleges that the manner in which North Central refused to make the installment payments had two results, not just one. First, he contends that it was a breach of a contractual obligation owed to him, and second, he contends that it was a violation of the insurance laws of Montana and that it was oppressive, malicious and fraudulent to him. Thus, this second contention or claim by petitioner distinguishes the instant case from the Westfall case, supra.

■■ North Central further contends that exemplary damages are not proper because "we still have a situation where the sole actual damages suffered by the plaintiff (petitioner) are not the result of any violation of statute, but were caused solely by reasons of the termination of payment on August 16, 1966 * * *." This is not a valid argument at the pleading stage of a trial. It may very well be that petitioner will not be able to prove the allegations of his complaint, but that is the purpose of the trial—to determine the validity of the allegations.

Petitioner contends that North Central has violated section 40-4011, R.C.M.1947, which provides in part: "* * * Indemnities payable under this policy for any loss other than loss for which this policy provides any periodic payment, will be paid immediately upon receipt of due written proof of such loss. Subject to due written proof of loss, all accrued indemnities for loss for which this policy provides periodic payment will be paid * * * (insert period for payment which must not be

less frequently than monthly) and any balance remaining unpaid upon the termination of liability will be paid immediately upon receipt of due written proof.''

Petitioner then notes that section 40-4034 makes violations of the chapter subject to the penalty imposed by section 40-2617, which provides for a fine or imprisonment in the county jail or both for violations.

Thus, in the insurance contract we have a unique situation; that is, some acts may be both breaches of contract and violations of the laws of Montana.

The issue presented by the application for this writ is whether the Westfall case, supra, prevents the claim for exemplary damages on the basis of the unique facts alleged in petitioner's complaint. We hold that it does not.

The Westfall case, supra, is in no manner contradictory to what we have stated here. The Westfall case, supra, remains the general rule that exemplary damages are not allowed in actions arising out of a breach of contract.

Let the writ issue directing the district court to vacate its order granting the motion to strike and to enter an order denying the motion to strike.

MR. JUSTICES ADAIR, DOYLE, CASTLES and JOHN CONWAY HARRISON, concur.