No. 12358

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

THE STATE OF MONTANA, upon relation
of BANKERS LIFE & CASUALTY COMPANY,
a corporation,

Relator,

-vs-

ROBERT E. MILLER, and the DISTRICT COURT
OF THE EIGHTH JUDICIAL DISTRICT OF THE
STATE OF MONTANA, IN AND FOR THE COUNTY
OF CASE,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

Church, Harris, John & Williams, Great Falls,
Montana.
Earl J. Hanson and Douglas Allen argued, Great
Falls, Montana.

For Respondents:

Hoyt, Bottomly and Gabriel, Great Falls, Montana.
John C. Hoyt argued, Great Falls, Montana.

---

Submitted: September 28, 1972

Decided: OCT 17 1972

Filed: OCT 17 1972

Thomas J. Kearney
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an original proceeding wherein relator seeks a writ of supervisory control to the end that the respondent district court of the eighth judicial district, the Honorable Paul G. Hatfield presiding, should vacate its order dated August 24, 1972, ordering relator insurance company to answer interrogatory No. 26 of plaintiff's first interrogatories.

We issued an order to show cause directed to the district court with copies to counsel for plaintiff Miller. Respondents appeared by brief and motion seeking denial of the application for a writ and an order sustaining the district court's order. Oral argument was had. No problem concerning procedure is presented.

Respondent Miller, hereinafter referred to as the Insured, is plaintiff in the district court action. He commenced the action against relator Bankers Life & Casualty Company, hereinafter referred to as the Insurance Company, to recover general and punitive damages essentially for breach of contract by the insurance company.

Insured alleged in his amended complaint that he purchased two insurance policies from Insurance Company. One of the policies purchased was titled "Sickness and Accident Policy" and the other policy was titled "Accident Policy". Early in 1971, Insured made certain claims under both policies and thereafter instituted the action against Insurance Company on July 30, 1971. Insured's amended complaint was filed on December 14, 1971.

Insured divided his action into two claims. One claim concerns the Sickness and Accident Policy and the other the Accident Policy. In both claims Insured seeks damages for breach of contract and exemplary or punitive damages for alleged violations of the insurance code of the state of Montana. Insured

has pleaded in both claims, among other allegations, that the course of conduct of Insurance Company was deliberately embarked upon and was designed to be, was, and is oppressive, malicious, and fraudulent as to Insured in addition to being a violation of the insurance code.

In its amended answer Insurance Company alleged that it has made all payments due Insured under the Sickness and Accident Policy and denied that these payments were late. Furthermore, in Insurance Company's amended answer to claim two of Insured's complaint, Insurance Company alleged that there was no coverage afforded by the Accident Policy and therefore no payment was due Insured. Insurance Company also denied all allegations of wrongdoing including those allegations of malicious or oppressive conduct.

Insured then began extensive discovery through the use of interrogatories. Many were objected to by Insurance Company. Several objections were sustained and several were overruled. In the course of Insured's discovery interrogatory No. 26 of plaintiff's first interrogatories to defendant was propounded to Insurance Company. Interrogatory No. 26, the only one involved in this proceeding, reads:

> "State the names and addresses of all persons within the State of Montana who have made a claim against Bankers Life & Casualty Company for monies they claim owed to them under health and accident or disability policies issued by Bankers Life and Casualty Company and which claim Bankers Life and Casualty Company has either refused or has not paid in full in the amount claimed due by the Policy holder during the past three (3) years."

Insurance Company made this objection to interrogatory No. 26:

> "This interrogatory is objectionable on the grounds that the information called for is irrelevant and, further, is confidential business information which the defendant should not be required to disclose unless and until plaintiff

> shows that it is relevant to the subject matter involved in the pending action. Further, this interrogatory is objectionable on the grounds that it amounts to a cross-examination of defendant upon immaterial matter which does not appear to be reasonably calculated to lead to the discovery of admissible evidence.
>
> "And, further, this interrogatory is objectionable on the ground and for the reason that it is unreasonably burdensome, oppressive, or vexatious."

As stated heretofore, Insured's complaint indicates that he seeks damages for alleged breach of contract under two separate policies and then pleaded and alleged violations of the insurance code, thereby attempting to bring his case within the law of State ex rel. Larson v. District Court, 149 Mont. 131, 423 P.2d 598. We are not here directly concerned with Larson at this stage. However, the allegation as to violation of the insurance code is what might be termed a general allegation concerned with the merits of his claims under the two contracts. That is to say, the allegations of insurance code violations are dependent upon whether there has been a breach of the contract sued upon, which has been denied in all particulars. We shall not here attempt to distinguish Larson other than to observe that Larson discussed the "unique facts alleged in petitioner's complaint".

Interrogatory No. 26 does not concern itself with the Insured's insurance contracts or claims in suit. Rather, it seeks names and addresses of all persons and policyholders of Montana who have made claims for benefits which were either refused for any reason or not paid in the full amount claimed, which would cover presumably all denials of coverage for whatever reason, all cases of partial coverage, all erroneously submitted claims, and all litigated, adjusted or compromised claims; all without regard to the hundreds of different factual contents, or even the private business matters of the thousands of policyholders. Such far

reaching results are uncalled for by the issues raised in this litigation. The rules of discovery were never intended to interfere with contractual relationships in such a far reaching manner. We observe in this connection that the district court allowed wide latitude to the Insured in propounding interrogatories which are not presented as issues here, although some were objected to.

The Montana Rules of Civil Procedure require interrogatories to be relevant to the subject matter of the action. Rule 33 provides in part:

> "Interrogatories may relate to any matters which can be inquired into under Rule 26(b), and the answers may be used to the same extent as provided in Rule 26(d) for the use of deposition of a party."

Rule 26(b), M.R.Civ.P., provides:

> "(b) SCOPE OF EXAMINATION. Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, <u>which is relevant to the subject matter involved in the pending action</u>, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." (Emphasis added.)

We shall assume for our purpose here that the discovery attempted was relevant and material but whether it was reasonable to the issues pleaded at this stage is the crux of the matter. Apparently the Insured would search for some "pattern" of business practices that might somehow relate to his general charge of an oppressive, malicious and fraudulent action towards him. However, in all of the cases we have searched the subject of reasonableness is considered by weighing the annoyance and expense involved against the value of the information sought. See: 4A Moore's Federal Practice § 33:20; United States v. Imperial Chemical Industries, 8 F.R.D. 551; United States v.

Loew's, Incorporated, 23 F.R.D. 178.

Here, it is clear from the affidavits and answers that the answer to interrogatory No. 26 involves multiple and minute factual details which can only be compiled after many thousands of hours of work at a considerable cost. Also, counsel for Insured stated that he intends to write a letter to each and every policyholder disclosed in the answer to interrogatory No. 26. The rules of discovery were never intended to be used to interrupt or interfere with contractual relationships to this extent. We are simply unable to see, even assuming the factual matters sought to be relevant, where, considering the annoyance and expense involved, the value of the information sought has a reasonable relationship under these circumstances.

Accordingly, we find the district court abused its discretion in ordering that interrogatory No. 26 be answered and that part of its order of August 24, 1972, is set aside.

_____

Associate Justice

We Concur:

_____

Chief Justice

_____

_____

Associate Justices.

Mr. Justice John Conway Harrison deeming himself disqualified took no part in this Opinion.