**JARDINE, STEPHENSON, BLEWETT & WEAVER, a partnership, Plaintiff,**

v.

**UNITED STATES FIDELITY & GUARANTY COMPANY, a Maryland Corporation, Defendant.**

No. CV–81–22–GF.

United States District Court,
D. Montana,
Great Falls Division.

Sept. 16, 1981.

Jack L. Lewis, Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for plaintiff.

Ward Shanahan, Gough, Shanahan, Johnson & Waterman, Helena, Mont., for defendant.

## MEMORANDUM

HATFIELD, District Judge.

Plaintiff filed an action for payment of attorneys' fees and exemplary damages against the defendant, United States Fidelity and Guaranty Company (hereinafter "USF&G"). Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff is a partnership whose members are citizens and residents of Montana. USF&G is a Maryland corporation with its principal place of business in Maryland.

In its complaint, the plaintiff alleges that USF&G, acting as surety for the Leigland Company, agreed to pay the plaintiff $15,-000.00 in attorneys' fees incurred by the Leigland Company. Correspondence between the parties indicates that payment was to be made upon completion of certain conditions precedent performed by the plaintiff. One such condition required the plaintiff to produce a statement purporting to show that the Leigland Company was unable to meet its financial obligations. Plaintiff asserts that it performed the services necessary for meeting the conditions for payment and is entitled to receive the sum to which it is entitled.

Plaintiff further alleges that it is entitled to receive exemplary damages as a result of the defendant's delay in making payment of the attorneys' fees. Plaintiff contends that the delay constitutes an intentional and bad faith tort separate from any contractual obligation on the part of USF&G to pay the plaintiff.

Presently before the court are four consolidated motions filed by USF&G: (1) motion to dismiss; (2) motion to strike; (3) motions for more definite statement or, in the alternative, for production of documents; and (4) motion to join necessary parties.

## DISCUSSION

### A. *Motion to Dismiss*

[1] USF&G contends that the complaint fails to allege satisfaction of a condition precedent to payment, *i. e.*, that a financial statement be produced by the Leigland Company showing its financial condition. Plaintiff counters by arguing that paragraph IX of Count One in the complaint alleges "All conditions precedent required by law have occurred or have been complied with."

Such a general averment comports with the provisions of Rule 9(c) of the Federal Rules of Civil Procedure. "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." The court is satisfied that the general averment in the complaint regarding the occurrence or performance of conditions precedent is sufficient under Rule 9(c). *See Equal Employment Opportunity Comm'n v. Wah Chang Albany Corp.*, 499 F.2d 187 (9th Cir. 1974). Therefore, the motion to dismiss is denied.

### B. *Motion to Strike*

USF&G moves to strike the plaintiff's claim for exemplary damages on the

grounds that exemplary damages are prohibited in contract actions. USF&G bases its assertion on Montana Code Annotated § 27–1–221 (1979), which states:

> *When exemplary damages allowed.* In any action for a breach of an obligation not arising from contract where the defendant has been guilty of oppression, fraud, or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example and by way of punishing the defendant.

Plaintiff asserts that exemplary damages are allowed in contract actions when an independent and bad faith tort arises separate from any contractual obligation between the parties. Specifically, the plaintiff contends that the intentional delay on the part of USF&G in making payment after the conditions precedent were performed is an independent tort arising after the contract was completed.

■ It is generally recognized that exemplary damages are not awarded in contract actions. *See Generally* J. Calimari & J. Perillo, Contracts § 14–3 (2d ed. 1977); 84 A.L.R. 1345 (1933). This is also the general rule in Montana. *Westfall v. Motors Ins. Corp.*, 140 Mont. 564, 374 P.2d 96 (1962). *See also State ex. rel. Cashen v. District Court*, 157 Mont. 40, 482 P.2d 567 (1971); *Ryan v. Ald, Inc.*, 146 Mont. 299, 406 P.2d 373 (1965).

■ In subsequent cases, an exception was carved out of the general rule. In *State ex. rel. Larson v. District Court*, 149 Mont. 131, 423 P.2d 598 (1967), the Montana Supreme Court held that exemplary damages could be awarded where the acts constituting the breach of contract also violated state law. *Id.* at 136, 423 P.2d at 601. On the specific issue presented here, where the tort is alleged to have stemmed from conduct independent of the contract, the Montana Supreme Court has ruled that exemplary damages may be awarded. *See Harrington v. Holiday Rambler Corp.*, 176

Mont. 37, 575 P.2d 578 (1978); *Miller v. Fox*, 174 Mont. 504, 571 P.2d 804 (1977); *Paulson v. Kustom Enterprises, Inc.*, 157 Mont. 188, 483 P.2d 708 (1971).

■ The conduct complained of in this case is the delay by USF&G in making payment of the attorneys' fees to the plaintiff upon completion of the contract. The Montana Supreme Court has ruled that failure to exercise expediency in the performance of a contract is a tort:

> Accompanying every contract is a commonlaw duty to perform the thing agreed to be done with care, skill, reasonable expediency, and faithfulness, and a negligent failure to observe any of these conditions is a tort, as well as a breach of the contract.

*Garden City Floral Co., Inc. v. Hunt*, 126 Mont. 537, 541, 255 P.2d 352, 355 (1953). *Accord, Ferguson v. Town Pump, Inc.*, 177 Mont. 122, 580 P.2d 915 (1978). Based upon the foregoing authority, the court is of the opinion that the plaintiff has alleged a tort separate from any obligation arising from the contract between the parties. The complaint alleges that the delay in making payment occurred subsequent to the completion of the conditions precedent by the plaintiff. The court finds that such delay constitutes conduct independent of the contract. Further, the allegation of delay as an independent and willful tort is properly founded upon Montana case law. *See Garden City Floral Co., Inc. v. Hunt, supra*, and *Ferguson v. Town Pump, supra*. Accordingly, exemplary damages may be considered and the motion to strike is denied.

C. *Motions for More Definite Statement or, in the Alternative, for Production of Documents*

USF&G claims that the "bone of contention" between the parties is the satisfaction of the condition precedent to payment, *i. e.*, a statement from the plaintiff demonstrating the inability of the Leigland Company to proceed with payment of its financial obligations. USF&G contends that such in-

formation is necessary before it may prepare a responsive pleading.

The correspondence between the parties indicates that the plaintiff prepared and forwarded to counsel for USF&G the necessary documentation regarding the financial condition of the Leigland Company. By a letter dated October 15, 1980, counsel for the plaintiff claims to have satisfied all the requisite conditions precedent and demands payment of $15,000 for attorneys' fees. In a letter dated October 16, 1980, counsel for USF&G admits having received the documentation provided by the plaintiff purporting to show the financial inability of the Leigland Company to meet its obligations. The letter also requests that USF&G forward payment of the $15,000 sum to the plaintiff. A similar request was made by counsel for USF&G in a letter dated February 4, 1981.

■ It appears to the court that, by counsel for USF&G's own admission, the plaintiff furnished the requested information regarding the financial condition of the Leigland Company. Further, since the plaintiff has attached copies of the documentation to its memorandum in opposition to the consolidated motions of defendant, the court is of the opinion that this portion of the motion for more definite statement and/or for production of documents has been satisfied. USF&G now has sufficient information to enable it to prepare a responsive pleading.

The remaining portions of the motion for more definite statement, which allege that the Leigland Company is the owner and holder of assets available to secure repayment of the attorneys' fees and has agreed to indemnify USF&G for amounts owing to the plaintiff, will be disposed of during the discussion regarding the motion to join necessary parties.

### D. *Motion to Join Necessary Parties*

USF&G requests that the court, pursuant to Rule 19, Fed.R.Civ.P., order the joinder of S. A. Leigland and H. M. Leigland, d/b/a Leigland Company, Annabell E. Leigland and Janet Leigland, and S. A. Leigland, H. M. Leigland in their individual capacities as persons needed for a just adjudication of the controversy between the parties.

It appears to the court that the controversy in this action exists between the plaintiff and USF&G. The court is convinced that the issues raised in the pleadings and motions are whether the plaintiff has satisfied the conditions precedent to payment of the $15,000 in attorneys' fees, as specified by the parties, and, if so, whether the plaintiff is entitled to receive exemplary damages for the failure by USF&G to make that payment. The contract was between the plaintiff and USF&G and stated that the latter would tender payment of the attorneys' fees upon completion of the conditions precedent. Whether the Leigland Company agreed to indemnify USF&G or has substantial assets to enable it to repay the attorneys' fee claimed by the plaintiff has little bearing on the purported obligation of USF&G to the plaintiff.

■ Therefore, the court is of the opinion that S. A. Leigland and H. M. Leigland, d/b/a Leigland Company, Annabell E. Leigland and Janet Leigland, and S. A. Leigland and H. M. Leigland in their individual capacities are not persons needed for a just adjudication of the controversy between the plaintiff and USF&G. Accordingly, the motion to join necessary parties pursuant to Rule 19, and the remaining portions of the motion for more definite statement mentioned previously, are denied.

Of course, USF&G is free to initiate a separate suit against the Leigland Company and its constituents for reimbursement, or may file a third-party complaint against the Leiglands pursuant to Rule 14(a), Fed.R. Civ.P. Rule 14(a) allows a defending party to file a third-party complaint against a party who may be liable to him for all or part of the plaintiff's claim. The third-party plaintiff need not obtain leave of court if

the third-party complaint is filed not later than ten days after he serves his original answer. Since USF&G has not filed an answer in response to the plaintiff's complaint, it appears that the latter alternative is the more logical route for it to follow.

CONCLUSION

The four consolidated motions filed by USF&G are disposed of as follows:

1. The motion to dismiss is denied.

2. The motion to strike is denied.

3. The motions for more definite statement or, in the alternative, for production of documents, are denied.

4. The motion to join necessary parties is denied.

An appropriate order shall issue.