Gerald H. BOSTWICK and Marjorie
Bostwick, Plaintiffs,

v.

FOREMOST INSURANCE COMPANY,
Defendant.

No. CV–81–68–BU.

United States District Court,
D. Montana,
Butte Division.

May 20, 1982.

Brad L. Belke, Butte, Mont., for plaintiffs.

Mark A. Vucurovich, Henningsen, Purcell & Genzberger, Butte, Mont., for defendant.

## MEMORANDUM OPINION

HATFIELD, District Judge.

This controversy arises out of the conduct of the defendant, Foremost Insurance Company (hereinafter "Foremost"), with respect to a motor home insurance policy issued by Foremost to plaintiffs, Gerald and Marjorie Bostwick (hereinafter "Bostwicks").

Jurisdiction of this action is based on diversity of citizenship. 28 U.S.C. § 1332(a).

In 1979, the defendant, Foremost, issued its standard motor home insurance policy to the plaintiffs, the Bostwicks. The policy allegedly included coverage for collision, bodily injury, property damage and comprehensive. While the policy was in effect, the Bostwicks were involved in an accident in the State of Iowa in which the motor home collided with the rear end of another vehicle. As a result of the accident, the Bostwicks' motor home was damaged in excess of $5,000.00. In addition, the Bostwicks have been named as defendants in a negligence action filed by the driver and occupant of the vehicle with which the Bostwicks' motor home collided. The damages claimed in that civil action exceed the policy limits of the Bostwicks' policy with Foremost.

The complaint filed by the Bostwicks in the present action seeks:

1) the alleged value of the motor home as of the date of the accident; 2) compensatory and punitive damages for the willful and bad faith refusal of Foremost to defend them in the civil action filed against them in the State of Iowa, as required under the terms of the insurance policy; 3) compensatory and punitive damages for the willful and bad faith refusal of Foremost to make payment to them for the value of the motor home as provided under the terms of the insurance policy; and 4) recovery of attorney's fees incurred in the prosecution of this action.

Presently before the court are the defendant Foremost's consolidated motions to (1) dismiss the action on the basis that the Bostwicks have failed to state a claim upon which relief can be granted, (2) strike the claim for punitive damages, and (3) strike the request for attorney's fees. The issues raised by the foregoing motions having been fully briefed by the parties, the court is now ready to rule.

I.

The complaint filed by the Bostwicks states two causes of action for breach of the insurance contract at issue. Specifically, the Bostwicks have alleged that Foremost breached the insurance contract by refusing to make payment for the value of the insured motor home and refusing to defend the Bostwicks in the civil suit arising out of the accident in which their motor home was damaged. In addition, the complaint states two causes of action sounding in tort. Specifically, the Bostwicks have alleged that Foremost breached the duty of good faith and fair dealing owed by Foremost with respect to the two aforementioned contractual duties. *See State v. District Court of Eighth Judicial District*, 149 Mont. 131, 136, 423 P.2d 598, 600 (1967); *First Security Bank of Bozeman v. Goddard*, Mont., 593 P.2d 1040, 36 St.Rep. 854 (1979).

It is evident that the Bostwicks, via their complaint, have stated a cause of action upon which relief can be granted. Therefore, the court finds the motion to dismiss as filed by Foremost to be without merit.

II.

In addressing the motion to strike the claim for punitive damages in the case at bar, the court is presented with the task of determining the extent of an insurer's liability for failure to act in good faith in considering the interests of an insured. Restated, the court must determine the extent of an insured's right to compensation for an insurer's commission of the recently evolved tort of "bad faith", now recognized as compensable in Montana.[1]

Before addressing the issue of compensable damages, the court finds it necessary to clarify the nature of the claims asserted by the Bostwicks in this action. First, the Bostwicks assert that Foremost wrongfully refused to defend them in the civil suit

1. *See First Security Bank v. Goddard, supra;* Harmon, An Insurer's Liability for the Tort of Bad Faith, 42 Mont.L.Rev. 67 (1981).

which arose from the accident central to this controversy. Second, the Bostwicks assert that Foremost wrongfully delayed and refused to make payments due under the insurance contract. As such, the Bostwicks' claims are founded on two distinct incidents of conduct.[2]

The motion to strike in the present case is premised on Foremost's contention that a requisite to the recovery of punitive damages in a "bad faith" tort action arising from an insurance contract is that the conduct complained of violates the insurance code of the State of Montana. Foremost submits that the failure of the complaint in this matter to allege any statutory violation on the part of Foremost precludes any claim for punitive damages. It is the conclusion of the court that the restrictive interpretation of Montana law advanced by Foremost is unwarranted.

Montana law has long recognized the existence of an implied-in-law duty on the part of an insurer to act in good faith to protect the interests of an insured. *Jessen v. O'Daniel*, 210 F.Supp. 317 (D.Mont.1962), *aff'd. sub nom.*, *National Farmers Property and Casualty Co. v. O'Daniel*, 329 F.2d 60 (9th Cir. 1964); *Fowler v. State Farm Mutual Auto. Ins. Co.*, 153 Mont. 74, 454 P.2d 76 (1969). In that vein, the failure of an insurer to defend an insured, when there exists an express obligation to do so, has been recognized as the basis for a "third party" case of the tort of bad faith. *Thompson v. State Farm Mutual Auto. Ins. Co.*, 161 Mont. 207, 505 P.2d 423 (1973); *Cf. Comunale v. Traders and General Insurance Co.*, 50 Cal.2d 654, 328 P.2d 198 (1958).

Extension of the implied duty of good faith and fair dealing to the "first party" context was accomplished by the Montana Supreme Court in the recent decision of *Goddard*, 593 P.2d at 1046–1047. The rationale expressed in *Goddard* establishes that an insurer owes to its insured an implied-in-law duty of good faith and fair dealing that it will do nothing to deprive the insured of the benefits of an insurance policy.[3] The *Goddard* decision, in conjunction with the earlier decisions of the Montana Supreme Court cited herein, clearly establishes that an insurer must deal fairly and in good faith with respect to all aspects of an insurance contract.[4]

---

**2.** The failure of the insurer Foremost to defend the Bostwicks in the civil suit filed in Iowa may properly be categorized as a "third party" case. This terminology is used to denote liability of an insurer arising from its wrongful refusal to accept a reasonable settlement offer proposed by a third party to compromise a claim against its insured within policy limits. *See* Harmon, An Insurer's Liability for the Tort of Bad Faith, *supra* at p. 69.

The wrongful refusal of Foremost, on the other hand, to pay the insured's claim is referred to as a "first party" case. For purposes of clarity, the court will utilize the foregoing terminology in its discussion of the issues raised.

**3.** It has been suggested that the decision in *Goddard* may not have extended the implied duty of good faith and fair dealing to the "first party" context, but merely recognized the existence of an insurer's liability where the conduct complained of constitutes not only a breach of contract but a violation of the state insurance law. *See,* Harmon, An Insurer's Liability for the Tort of Bad Faith, 42 Mont.L.Rev. at p. 87. If *Goddard* was merely intended as a reaffirmation of the court's decision in *State ex rel. Larson v. District Court*, 149 Mont. 131, 423 P.2d 598 (1967), wherein the court held that such liability existed, the court in *Goddard*

would certainly have limited its discussion accordingly. It is the opinion of this court, however, that the court in *Goddard* took the occasion to expand the rights of the insured by recognizing the existence of the tort of "bad faith" in the "first party" context. This court would be remiss in its duty if it were to treat the court's discussion of "bad faith" in *Goddard* as simply extraneous to that decision.

**4.** The insurer, *Foremost,* contends that the independent duty recognized by the court in *Goddard* was solely statutory in nature. As set forth in footnote # 3, *supra,* this court disagrees with that conclusion. The court in *Goddard* recognized that the conduct of the insurer violated a duty imposed on it by the state insurance code, which in itself served as the basis for a tort. As noted, however, the court also recognized the existence of an implied-in-law duty of good faith and fair dealing.

The foregoing conclusion is consistent with the Montana Supreme Court's previous recognition of the insurer's implied-in-law duty to act in good faith in settling claims against an insured. *See Fowler, supra.* This court perceives of no logical reason why a "first party" action and "third party" action should be viewed with any distinction. The Montana cases cited herein

■ Since violation of the implied-in-law duty of good faith and fair dealing is tortious in nature, notwithstanding that it may also constitute a breach of contract, punitive damages are recoverable in an action founded on such a violation. § 27–1–221 of the Montana Code Annotated (1979) provides:

In any action for breach of an obligation not arising from contract where the defendant has been guilty of oppression, fraud, or malice actual or presumed, the jury, in addition to the actual damages may give damages for the sake of example and by way of punishing the defendant.

Therefore, punitive damages may be recovered upon a proper showing of malice, fraud or oppression regardless of the fact that the conduct constituting the tort of "bad faith" also involves a breach of contract.

■ The claims of the Bostwicks are founded on two separate incidents of conduct, i.e., (1) failure to defend, and (2) failure to pay benefits due under the contract, each of which, if proved, would constitute the commission of the tort of "bad faith" on the part of the insurer, Foremost. As set forth in the foregoing analysis, punitive damages may be awarded with respect to those claims if the jury finds that punitive damages are appropriate in the factual situation presented.

### III.

Plaintiffs, the Bostwicks, have requested an award of attorney's fees incurred in the prosecution of this action.[5] The defendant, Foremost, has moved to strike that claim.

■ The general rule of law in Montana with respect to the recovery of attorney's

fees by the prevailing party in a civil action is clear. An award of attorney's fees in an action at law is appropriate only where there exists a specific contract provision or statutory grant to that effect. *McMahon v. Falls Mobile Home Center Inc.*, 173 Mont. 68, 566 P.2d 75 (1977).

■ Having failed to plead the existence of any contract provision or statutory grant which would allow recovery of attorney's fees, the Bostwicks' claim for attorney's fees must be stricken.

An appropriate order shall issue.

---

evince that the Montana Supreme Court has reached that same conclusion. The concerns on which the tort of "bad faith" in the insurance context is bottomed are the same in both contexts as specifically recognized by the court in *Goddard*. 593 P.2d at 1047.

5. The court's ruling with respect to attorney's fees is limited to the propriety of recovery of the attorney's fees incurred in the prosecution

of the present action. As such, the ruling has no bearing on the recovery of the attorney's fees incurred by the Bostwicks in defending the aforementioned civil suit filed against them in the State of Iowa. Those attorney's fees fall within the purview of compensatory damages emanating from Foremost's alleged failure to defend the Bostwicks as required by the insurance policy at issue.