No. 14549

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

HOLMSTROM LAND COMPANY, INC.,

Plaintiff and Appellant,

-vs-

WILLIAM R. HUNTER,

Defendant and Respondent.

---

Appeal from:  District Court of the Fourteenth Judicial District,
Honorable Nat Allen, Judge presiding.

Counsel of Record:

For Appellant:

Leaphart Law Firm, Helena, Montana

For Respondent:

Moore, Rice, O'Connell & Refling, Bozeman, Montana

---

Submitted on briefs:  March 29, 1979

Decided:  MAY 16 1979

Filed: MAY 16 1979

_Thomas J. Kearney_
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Plaintiff Holmstrom Land Company (Holmstrom) appeals from a judgment of the District Court, Fourteenth Judicial District, Meagher County, dated May 16 and July 19, 1978, in favor of William R. Hunter.

This appeal involves a dispute over charges made by the water commissioner for dispensing waters in the Newlan Creek Water District. On October 18, 1976, the District Court, Fourteenth Judicial District, in a proceeding concerning distribution of the waters of Newlan Creek, issued an order giving instructions to the water commissioners who had been appointed to administer the waters of Newlan Creek. The hearing resulting in the order was held on complaint of Robert J. Weitz, president of Holmstrom. Holmstrom has decreed water rights in both Sheep Creek and Newlan Creek located in Meagher County. It uses Newlan Creek as a conduit for the transfer of approximately 1000 inches of Sheep Creek water to its headgates and ditches.

The court order of October 18, 1976, contains the following directions to the commissioner:

> "Water Commissioner Fuller was told by the
> Court to keep track of water from Sheep Creek
> coming into Newlan Creek, and assess Holmstrom
> Land Company for Sheep Creek Water distributed
> through Newlan Creek, if he uses any of his
> time in dispensing it. Holmstrom Land Company
> to get the amount of water from Sheep Creek
> they put into Newlan Creek, less about 10 per-
> cent for seepage, etc."

Defendant Hunter was appointed water commissioner on June 7, 1977, to carry out the October order.

In 1977 Holmstrom was billed by defendant on the basis of both Newlan Creek and Sheep Creek waters. Holmstrom refused to pay, and defendant padlocked Holmstrom's headgate in an attempt to collect. Holmstrom then brought this

action. Hunter defended on the grounds he was only following the court's order; that Holmstrom was not pursuing the proper procedural remedy; and that Holmstrom was trying to collaterally attack the October 18, 1976, order even though it had not appealed that order.

The District Court found that Hunter was acting pursuant to its order, that the charges were reasonable, and that it was necessary for Hunter to retain counsel. The court then concluded that sections 89-1012 and 89-1013, R.C.M. 1947, now sections 85-5-204 and 85-5-205 MCA, constituted the sole remedy for one who objects to the charges of a water commissioner appointed by court order. The court further concluded this suit constituted a collateral attack upon its order of October 18, 1976. The court then ordered judgment for Hunter and ordered Holmstrom to pay the whole sum owing to Hunter. After an evidentiary hearing the court also ordered, on July 19, 1978, that Holmstrom pay Hunter $750 in attorney fees.

Although Holmstrom lists eight issues on appeal, we determine that the resolution of the two following issues will dispose of this appeal:

1. Whether the attempt to secure the relief set forth in the complaint of Holmstrom constituted a collateral attack upon the court order dated October 18, 1976?

2. Whether the District Court was correct in ordering Holmstrom to pay attorney fees to Hunter?

The prayer to Holmstrom's complaint requests in major part that "the accounting of the Commissioner be recalculated in accordance with the uses of the waters of Newlan Creek, exclusive of any and all uses of waters of Sheep Creek . . ." (Emphasis added.)

-3-

That this requested relief is an attempt to negate the District Court's order of October 18, 1976, specifically directing the water commissioner to keep track of water coming into Newlan Creek from Sheep Creek and to assess Holmstrom for any time used in dispensing Sheep Creek water, is obvious. Such an attempt clearly constitutes a collateral attack on the earlier order.

The general rule in civil litigation is well expressed in the following language:

> "'By "collateral attack" is meant "every pro-
> ceeding in which the integrity of a judgment is
> challenged, except those made in the action
> wherein the judgment is rendered or by appeal,
> and except suits brought to obtain decrees de-
> claring judgments to be void ab initio." . . .'
> [Citations omitted.]

> "It has been well-settled in this state that a
> court will overturn a judgment on collateral at-
> tack only if the judgment is void on its face,
> and it appears affirmatively from the judgment
> roll that the court did not have jurisdiction or
> committed an act in excess of its jurisdiction."
> Estate of Hofmann (1957), 132 Mont. 387, 395,
> 318 P.2d 230, 236.

It thus becomes the duty of this Court to determine whether the initial order is void on its face or beyond the powers of the District Court. We conclude it is not.

Section 89-891.1, R.C.M. 1947, now section 85-2-411 MCA, provides:

> "Water appropriated under an existing right or
> pursuant to this act may be turned into the
> natural channel of another stream, or from a
> reservoir into the natural channel, and with-
> drawn or diverted at a point downstream for
> beneficial use, but the waters of that stream
> may not thereby be diminished in quantity or
> deteriorated in quality to the detriment of a
> prior appropriator."

Thus, it is incumbent upon the District Court, as the entity responsible for supervising the distribution of water among all appropriators and for supervising all water commis-

sioners, section 89-896, R.C.M. 1947, now section 85-2-406 MCA, to insure that appropriators of Newlan Creek water were not adversely affected by Holmstrom's use of Newlan Creek as a conduit for its Sheep Creek waters. A legitimate and logical way to do this is to require the water commissioners to measure the flow of Sheep Creek water into Newlan Creek in dispensing the waters according to the decreed rights of the parties. Water commissioner Hunter, although appointed after the October 1976 order, is nevertheless bound by it. Luppold v. Lewis (1977), ___ Mont. ___, 563 P.2d 538, 542, 34 St.Rep. 227, 231. Holmstrom, as the holder of the decreed rights, must pay for the proportionate costs of the commissioner's fees and compensation. Section 89-1001(5), R.C.M. 1947, now section 85-5-101(4) MCA.

If Holmstrom wanted to challenge the District Court order of October 18, 1976, as it related to assessments of his Sheep Creek water, the proper legal procedure would have been an appeal within the proper time. Rules 1(a) and 5, M.R.App.Civ.P. Holmstrom did not appeal. The current collateral attack is not a permissible means by which to make this challenge. Nor does it appear, in fact, that the order is challengeable.

Conversely, if Holmstrom wanted to challenge the apportionment of fees and expenses by the water commissioner, it should have followed the procedure set forth in sections 89-1012 and 89-1013, R.C.M. 1947, now sections 85-5-204 and 85-5-205 MCA. This it also failed to do. Therefore, the District Court order of October 18, 1976, and the water commissioner's assessment filed in July 1977 are final and binding. On this first issue, the judgment of the District Court is affirmed.

As to the award of attorney fees to Hunter, the District Court after receiving evidence in support of an award for $959, awarded fees in the amount of $750. Although there is no statutory basis for these fees, the District Court found it was necessary for Hunter to retain counsel in this matter and concluded that it had the power, as a court of equity, to order Holmstrom to pay Hunter's reasonable attorney fees. We agree.

This suit was brought against Hunter personally for acts undertaken in his capacity as a duly appointed water commissioner acting pursuant to a lawful court order. Were water commissioners required to defend out of their personal funds against suits brought against them for their official acts, no one would be willing to serve as water commissioner. Where the suit is without merit, as in this case, it is only proper that the costs should be borne by the water user instituting the action.

Courts of equity have the inherent power to grant the relief that justice requires. Tiffany v. Uhde (1950), 123 Mont. 507, 512-13, 216 P.2d 375, 378. In a recent case, this Court stated:

> "The court also reserves the power to grant complete relief under its equity power. This is meant to establish no precedent, but must be determined on a case by case basis.

> "If equity is to be done in a situation such as this, the attorney fee must be sustained. Plaintiff Anderson sought to bring defendant Eggan into the lawsuit when she had asserted no claim against him and had no intention of doing so. For this reason she submitted a motion to dismiss which was granted by the trial court. Plaintiff Anderson forced her to secure the services of an attorney to examine the case and submit a motion to dismiss and through no fault on her part to incur attorney fees and costs. If defendant Eggan is dismissed from the case and not awarded attorney fees, she will not be made whole or re-

turned to the same position as before plaintiff Anderson attempted to bring her into the lawsuit." Foy v. Anderson (1978), ___ Mont. ____, 580 P.2d 114, 116-17, 35 St.Rep. 811, 814.

The situation in the instant case is analogous. Holmstrom sued Hunter, but its real quarrel was with the order of the District Court. At no time has Holmstrom asserted that Hunter seriously deviated from the orders of the court. Just as Anderson had no reason or justification for dragging Eggan into the lawsuit in the above cited case, Holmstrom had no reason to sue Hunter. Justice, equity and good conscience dictate that Holmstrom should bear the costs of the defense of the action. The award and amount of attorney fees is affirmed.

No proper application for attorney fees being filed on appeal, they are hereby denied.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
_____
_____
Justices

-7-

Mr. Chief Justice Haswell concurring in part and dissenting in part:

I concur in affirming the judgment of the District Court on the first issue.

I dissent from the award of attorney fees for the reasons stated in my dissent in Foy v. Anderson (1978), ____ Mont. ____, 580 P.2d 114, 117, 35 St.Rep. 811, 815.

An award of attorney fees under the guise of making the prevailing party whole is applicable to any case; permits such an award in the absence of statute or contract; and constitutes a clear example of judicial legislation. Where neither the legislature nor the parties have provided for such an award, I would abstain from granting it.

_____
Chief Justice