IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 84-172

THE MILLER-WOHL COMPANY, INC.,          )
                                        )
    Petitioner and Respondent,      )
                                        )
    vs.                             )          OPINION AND
                                        )             ORDER
COMMISSIONER OF LABOR AND INDUSTRY,)
STATE OF MONTANA, and                   )
TAMARA L. BULEY,                        )
                                        )
    Respondents and Appellants.     )

Miller-Wohl Company, Inc. appealed to the United States Supreme Court from our decision against it in Miller-Wohl Co. v. Com'r of Labor and Industry (Mont. 1984), 692 P.2d 1243, 41 St.Rep. 2445.

On January 20, 1987, the United States Supreme Court entered the following order in the appeal:

> The judgment is vacated and the case is remanded to the Supreme Court of the State of Montana for further consideration in the light of California Federal Savings and Loan Association v. Guerra, 479 U.S. ___, 107 S.Ct. 683, ___ L.Ed.2d ___ (1987).
>
> Justice BLACKMUN, Justice STEVENS and Justice SCALIA would dismiss the appeal for want of a substantial federal question.

___ U.S. ___, 107 S.Ct. 919, 93 L.Ed.2d 972.[1]

---

[1] The United States Supreme Court assessed costs of $200.00 against the Commissioner and Tamara Buley in vacating our judgment.

FILED

OCT 15 1987

*Ethel M. Harrison*

CLERK OF SUPREME COURT
STATE OF MONTANA

- 1 -

On March 24, 1987, we issued a schedule addressed to the parties for the briefing and presentation of the remanded case.

On April 30, 1987, Miller-Wohl Co., Inc., moved to dismiss the remanded cause on the basis that it had become moot. It submitted that the remand and further proceedings before this Court were no longer necessary because "in the light of the United States Supreme Court's decision and the anticipated time, costs, and burden of remand of proceedings before the Supreme Court of Montana and the anticipated eventual decision," Miller-Wohl Co., Inc. had agreed to accept the Commissioner's order.[2] The Company conceded that it violated the Montana Maternity Leave Act, §§ 49-2-310 and -311, MCA. The Company had further submitted payments of the net back pay and the amounts of penalty with accrued interest to the complainant via her attorney, and the amounts tendered appear to be correct.

Buley's attorney responded to the motion to dismiss, and objected thereto, contending that Buley was entitled to attorney fees in addition to other relief. Miller-Wohl Co., Inc. answered the objection stating that no statute in this case provides for the recovery of attorney fees and without statutory authority, such attorney fees may not be awarded to Buley.

---

2    The estimate of Miller-Wohl Co., Inc. that it could anticipate the eventual result is not surprising. Try as we may, we cannot discern the reasons why the United States Supreme Court vacated our decision in the light of California Federal Savings and Loan Association v. Guerra, supra. If anything Guerra supports our decision that neither the Civil Rights Act nor the amendment under the Pregnancy Discrimination Act preempted the Montana Maternity Leave Act. The United States Supreme

The Montana Maternity Leave Act was first adopted by the legislature in Ch. 320, Laws of Montana (1975). Originally, the statute defining unlawful acts of employers with respect to women's pregnancy was codified in § 39-7-203, MCA; the right to reinstatement following pregnancy-related leave of absence was set forth in § 39-7-204, MCA; and complaints of violations, of § 39-7-203, and § 39-7-204, MCA, were to be handled through the Commissioner of Labor and Industry.

Under § 39-7-207, MCA, also adopted in 1975, the Commissioner was empowered to make findings of fact and to order the employer to reinstate the complainant, to pay to the complainant "the damages resulting from the violation." No other provision appears in the related statutes allowing attorney fees to a successful complainant.

While the parties of Miller-Wohl Co., Inc. v. Com'r of Labor and Industry were in the courts, the legislature, in Ch. 285, Laws of Montana (1983), transferred the functions of the Commissioner of Labor and Industry regarding maternity leave to the Commission for Human Rights. Sections 39-7-203 and 39-7-204, MCA, were recodified and now appear respectively as §§ 49-2-310 and 49-2-311, MCA. Because violations of the Montana Maternity Leave Act are now codified along with other provisions related to human rights, in a contested case, the prevailing party may bring an action in District Court for attorney fees under § 49-2-505(4), MCA, and if the matter is eventually reviewed in the District Court, that court may award the prevailing party reasonable attorney fees under § 49-2-509(3), MCA.

---

Court majority offered no other reason for vacating the judgment in favor of the Commissioner and Buley.

Thus the law now allows a successful complainant for a violation of the Montana Maternity Leave Act to recover attorney fees for proceedings before the Commissioner of Human Rights, whereas the former law did not provide for attorney fees unless they were included within the word "damages" in former § 39-7-207, MCA.

We have consistently held that attorney fees are not an element of "damages" in interpreting a specific statutory grant or contract provision. Chagnon v. Hardy Construction Co. (Mont. 1984), 680 P.2d 932, 41 St.Rep. 441; Martin v. Crown Life Insurance Company (1983), 202 Mont. 461, 658 P.2d 1099; Foy v. Anderson (1978), 176 Mont. 507, 580 P.2d 114.

However, this Court has recognized its power under equitable principles to grant complete relief by way of attorney fees. Foy v. Anderson, 176 Mont. at 511, 580 P.2d at 116-117; Holmstrom Land Co. v. Hunter (1979), 182 Mont. 43, 48, 595 P.2d 360, 363. Here justice, equity and good conscience dictate that Miller-Wohl Co., Inc. should bear the costs incurred by Tamara Buley in presenting her claims in court against Miller-Wohl Co., Inc. We are fortified in this conclusion by the action of the legislature in 1983 establishing as a matter of public policy that prevailing complainants in pregnancy discrimination cases may be awarded attorney fees and costs in addition to other remedies provided by law. The protracted history of her claim over an eight year period demands an award of attorney fees and costs. Tamara Buley has been led by Miller-Wohl Co., Inc. through a succession of administrative, federal court and state court procedures since her discharge for pregnancy on August 27, 1979. Under the statutes then existing, she filed a complaint against Miller-Wohl Co., Inc. with the Montana Commissioner of Labor and Industry. She claimed before the Commissioner that Miller-Wohl Co., Inc. had violated the

Montana Maternity Leave Act. Miller-Wohl Co., Inc. then brought suit against the Commissioner and Tamara Buley in the United States District Court for the District of Montana asking the federal court to declare Montana's statutes invalid and to enjoin their enforcement. The United States District Court issued a temporary restraining order for a brief period, but then permitted the state agency to proceed. On October 3, 1980, the Commissioner determined through an administrative order that Miller-Wohl Co., Inc. had violated the Montana Maternity Leave Act by dismissing Tamara Buley, and that she was entitled to back pay and penalties in the amount of $6,517.60. The United States District Court reviewed the Commissioner's findings and concurred in the Commissioner's conclusions. Miller-Wohl Co., Inc. appealed this decision to the United States Court of Appeals for the Ninth Circuit. There, in 1982, the Court of Appeals for the Ninth Circuit dismissed the action, determining that no federal question had been presented.

Miller-Wohl Co., Inc. then returned to the state court for a review of the Commissioner's decision. On February 8, 1984, the District Court for Cascade County reversed the Commissioner's order. An appeal was brought to this Court and our decision eventually was reported as above stated. Miller-Wohl Co., Inc. then appealed our decision to the United States Supreme Court with resulting vacation of judgment as we above set forth.

Now finally, in anticipation of the eventual result, Miller-Wohl Co., Inc. has conceded that it violated the Montana Maternity Leave Act and has tendered to the attorney for Tamara Buley all of her damages, penalties and interest. If the amount of attorney fees claimed by her attorney for these protracted litigations is proper, her total attorney

fees and costs would practically eat up whatever judgment she might obtain here.

We therefore determine that this is one of those rare cases where circumstances demand that this Court order the payment of attorney fees to the prevailing party, and we so order.

ACCORDINGLY, proceeding on the order of remand from the United States Supreme Court, we reinstate the judgment contained in our Opinion reported in Miller-Wohl Co., Inc. v. Com'r of Labor and Industry (Mont. 1984), 692 P.2d 1243, 41 St.Rep. 2445; and this cause is remanded to the District Court of the Eighth Judicial District, in and for Cascade County, Judge Joel G. Roth presiding, for the determination of appropriate attorney fees and costs to be awarded to Tamara Buley.

Dated this _15th_ day of October, 1987.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

- 6 -

Mr. Justice Fred J. Weber dissents as follows.

I respectfully dissent from the award of attorney fees.

On the basis of "justice, equity and good conscience," the majority exempts Ms. Buley from the general rule that attorney fees may not be awarded absent statutory authority. The Court cites as precedent Foy v. Anderson (1978), 176 Mont. 507, 580 P.2d 114, and Holmstrom Land Co. v. Hunter (1979), 182 Mont. 43, 595 P.2d 360.

In Foy, the equitable power of the Court was invoked to award attorney fees to defendant Eggan because plaintiff had no basis for bringing defendant Eggan into the lawsuit. Foy, 580 P.2d at 117. In awarding attorney fees in Holmstrom, the Court stated, "Just as Anderson had no reason or justification for dragging Eggan into the lawsuit . . . Holmstrom had no reason to sue Hunter." Holmstrom, 595 P.2d at 363.

Had I sat on the Court at the time Foy and Holmstrom were decided, I would have joined the dissents of Mr. Chief Justice Haswell. In his dissent in Foy, 580 P.2d at 117, Chief Justice Haswell stated,

> The majority recognize that attorney fees cannot be awarded to the prevailing party in the absence of statute or contract. Here there is neither. The award is justified on the basis of making the prevailing party whole and granting complete relief. This justification is equally applicable to any defendant who is sued, hires an attorney, and ultimately prevails.
> In my view, this decision constitutes a sharp break from existing law...
> Substantial arguments can be made for and against awarding attorney fees to the prevailing party in a lawsuit. In my view this is a matter of public policy to be resolved by the legislature. To date the legislature has not seen fit to grant attorney fees to a prevailing defendant (except in certain instances not pertinent to this case, e.g. eminent domain and reciprocal rights statutes).

I would adhere to existing law and require statutory authorization for an award of attorney fees in the absence of contract.

The rationale stated by the majority in Foy and Holmstrom is absent here because this is not a case where the plaintiff improperly dragged a defendant into a lawsuit. The primary reason for the award of attorney fees here appears to be that Ms. Buley's total attorney fees and costs would practically eat up her judgment. That seems to suggest an equitable principle that attorney fees should be awarded whenever the fees approach the amount of the judgment granted to a party.

I agree that it is unfortunate that the plaintiff's judgment could be eaten up by attorney fees. If I were a legislator, that might be a sufficient reason for me to vote in favor of legislation. However, notwithstanding the meeting of a number of legislatures since Foy and Holmstrom, the legislature has not adopted any specific legislative standard which would allow the award of attorney fees in this case. No standards or boundaries are set forth in the majority opinion. Apparently every zealous advocate now must argue in district court and in this Court for the use of equitable authority to award attorney fees to his prevailing client. I find myself unable to suggest which cases should require an award of attorney fees under the rule of the majority.

I would deny the plaintiff's request for attorney fees and leave the changing of standards to the legislature.

_____
Justice

Chief Justice J.A. Turnage and Justice L.C. Gulbrandson concur in the foregoing opinion.

_____
Chief Justice

_____
Justice

8