MR. JUSTICE WEBER,
dissenting:
I respectfully dissent from the award of attorney fees.
On the basis of “justice, equity and good conscience,” the majority exempts Ms. Buley from the general rule that attorney fees may not be awarded absent statutory authority. The Court cites as precedent Foy v. Anderson (1978), 176 Mont. 507, 580 P.2d 114, and Holmstrom Land Co. v. Hunter (1979), 182 Mont. 43, 595 P.2d 360.
In Foy, the equitable power of the Court was invoked to award attorney fees to defendant Eggan because plaintiff had no basis for bringing defendant Eggan into the lawsuit. Foy, 580 P.2d at 117. In awarding attorney fees in Holmstrom, the Court stated, “Just as Anderson had no reason or justification for dragging Eggan into the lawsuit . . . Holmstrom had no reason to sue Hunter.” Holmstrom, 595 P.2d at 363.
Had I sat on the Court at the time Foy and Holmstrom were decided, I would have joined the dissents of Mr. Chief Justice Haswell. In his dissent in Foy, 580 P.2d at 117, Chief Justice Haswell stated,
“The majority recognize that attorney fees cannot be awarded to the prevailing party in the absence of statute or contract. Here there is neither. The award is justified on the basis of making the prevailing party whole and granting complete relief. This justification is equally applicable to any defendant who is sued, hires an attorney, and ultimately prevails.
“In my view, this decision constitutes a sharp break from existing law . . .
“Substantial arguments can be made for and against awarding attorney fees to the prevailing party in a lawsuit. In my view this is a matter of public policy to be resolved by the legislature. To date the legislature has not seen fit to grant attorney fees to a prevailing defendant (except in certain instances not pertinent to this case, e.g. eminent domain and reciprocal rights statutes).
“I would adhere to existing law and require statutory authorization for an award of attorney fees in the absence of contract.”
The rationale stated by the majority in Foy and Holmstrom is absent here because this is not a case where the plaintiff improperly dragged a defendant into a lawsuit. The primary reason for the award of attorney fees here appears to be that Ms. Buley’s total attorney fees and costs would practically eat up her judgment. That *511 seems to suggest an equitable principle that attorney fees should be awarded whenever the fees approach the amount of the judgment granted to a party.
I agree that it is unfortunate that the plaintiffs judgment could be eaten up by attorney fees. If I were a legislator, that might be a sufficient reason for me to vote in favor of legislation. However, notwithstanding the meeting of a number of legislatures since Foy and Holmstrom, the legislature has not adopted any specific legislative standard which would allow the award of attorney fees in this case. No standards or boundaries are set forth in the majority opinion. Apparently every zealous advocate now must argue in district court and in this Court for the use of equitable authority to award attorney fees to his prevailing client. I find myself unable to suggest which cases should require an award of attorney fees under the rule of the majority.
I would deny the plaintiff’s request for attorney fees and leave the changing of standards to the legislature.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICE GULBRANDSON concur in the foregoing opinion.

FOOTNOTES