No. 87-503

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

IN RE THE SUPPORT OF
K. F.

---

APPEAL FROM:   District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable Joel Roth, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Clary & Clary; Thomas Clary, Great Falls, Montana

        For Respondent:

                Baiz & Olson; Kenneth R. Olson, Great Falls, Montana

---

Submitted on Briefs:   May 12, 1988

Decided:   June 14, 1988

Filed: JUN 1 4 1988

*Ethel M. Harrison*

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The mother appeals an order of the District Court for the Eighth Judicial District, Cascade County. The court denied the mother's requests for increased child support and for income tax information from the father's farm corporation. It ordered her to pay the attorney fees incurred by the father. We affirm.

The issues are:

1. Did the District Court err in refusing to order the father to produce the income tax returns of his farm corporation?

2. Did the court err in denying the mother's motions filed after the denial of her request to require the father to produce tax returns for the farm corporation?

3. Did the court err in denying the petition to increase child support?

4. Did the court err in awarding the father his attorney fees?

The marriage of the mother and father was dissolved in 1978. The mother was granted custody of their son, then 4 years old. The father was ordered to pay child support in the amount of $200 per month.

In 1981, the father signed a relinquishment and consent to adoption so that the son could be adopted by the mother's second husband. Assuming that the adoption had taken place, the father paid no child support and had no relationship with the son for approximately five years. However, the mother's second husband never adopted the boy, and the mother's second marriage ended. The mother's third husband is her attorney in this action.

The father is remarried and has three children by that marriage. He is a farmer. In January 1985, he and his

2

brother incorporated their farm. The father receives a salary as farm manager, along with nontaxable benefits from the corporation.

In February 1986, the mother filed a petition for enforcement of prior child support and for increased child support. She requested payment of back child support to the date of the father's relinquishment. The parents, both represented by counsel, subsequently entered a stipulation whereby the father would pay $1,000 per year for 5 years as full satisfaction of back support owing, plus $125 per month for current support, plus a $300, $600, or $900 lump sum each January, with the amount of the lump sum depending on the father's income for the previous year. The stipulation also reestablished a visitation schedule for father and son.

In late 1986 and early 1987, the mother began a series of actions in which she tried to obtain the tax returns from the father's farm corporation. She argued that these were relevant to the determination of the amount of child support payable under the stipulation. The District Court disagreed, ruling in May 1987 that the stipulation bases the lump sum child support upon the father's income as reportable on his personal tax returns. Those returns had been provided to the mother. The mother filed a motion to reconsider, to set aside the agreement, or to determine child support. The court denied the motion and reaffirmed its prior ruling.

In September 1987, the mother petitioned for increased child support. She also served interrogatories seeking income tax information for the farm corporation. The father refused to provide that information. A hearing was held at which the father asked that the petition be dismissed because it did not satisfy the provisions of § 40-4-208, MCA, governing modification of child support. The court denied the

3

mother's claim for relief and ordered her to pay $297.09 for the father's attorney fees. The mother appeals.

I

Did the District Court err in refusing to order the father to produce the income tax returns of his farm corporation?

The stipulation entered by the mother and father provided:

> MICHAEL further agrees that, for purposes of determining whether the additional support is to be paid, the income under all farming operations in which he is engaged, regardless of whether it is reported under his Social Security number or his spouse's Social Security number, together with all income he receives from other sources, reportable under his Social Security number, shall be used to determine the amount of income attributed to him in any given taxable year.

In its May 1987 order, the District Court interpreted the above language to include all income reportable under the father's social security number and all farm income reported under his wife's social security number. The court ruled that the above language did not include nontaxable benefits from the farm corporation to the father and his family. We conclude that the court's ruling is supported by the plain language of the stipulation.

The court then found in its November 1987 order, based on the previous ruling, that the father had no obligation under the stipulation to provide the mother with corporate tax returns. The mother argues that § 40-4-204, MCA, requires the court to consider all relevant factors in setting the reasonable and necessary amount of support, and that nothing could be more relevant than the father's income from the corporation. However, as the District Court concluded, an action for modification of child support is governed by

4

§40-4-208, MCA. The standard for modification of child support under that statute is a change in circumstances so substantial as to make the present terms of support unconscionable. The mother, aside from pleading under the wrong statute, has made no allegations of substantial changes in her own financial circumstances or those of the father. She presented no evidence of such a substantial change of circumstances. We conclude that in this situation it was not error for the court to deny the request for production.

## II

Did the court err in denying the mother's motions filed after the denial of her request to require the father to produce tax returns for the farm corporation?

After the District Court entered its May 1987 order denying the mother's request for an order for production, the mother filed three motions. One asked the court to reconsider its ruling. The second asked the court to set aside the stipulation for lack of consideration. The third motion asked the court to hold an evidentiary hearing for the purpose of setting the amount of child support. The father did not file responses to the motions. After hearing the arguments of counsel for both sides, the court denied all three motions without stating its reasons. The mother argues that she is entitled to know the court's reasons for denying her motions.

As the father points out, the three motions were reiterations of the arguments made prior to the order denying the request for production. When post-trial motions are based on questions about the court's discretionary rulings and no new facts are raised, it is not required that the opposing party file objections in order for the court to affirm its ruling. Matter of Adoption of S.E. (Mont. 1988), ___P.2d___, 45

5

St.Rep. 843. We hold that the denial of the mother's motions was not error.

## III

Did the court err in denying the petition to increase child support?

In September 1987, the mother filed her petition to increase child support, citing § 40-4-204, MCA. A hearing was held, at which the mother's counsel argued that $125 per month is not enough support for a 14 year old boy. The mother argues on appeal that the court should have held an evidentiary hearing on her petition and should have found that the $125 per month under the stipulation is unconscionable.

Although she had the opportunity at the hearing on her petition, the mother produced no evidence demonstrating changed circumstances between the time the stipulation was signed and the time her petition was filed. Given the absence of proper pleadings, and the absence of any allegation or proof of changed circumstances as required by § 40-4-208, MCA, we hold that the court did not err in denying the petition to increase child support.

## IV

Did the court err in awarding the father his attorney fees?

The court's finding on attorney fees was:

> Petitioner's motion is the third attempt in six months to extract more money from respondent than that to which she is entitled under the agreement she freely entered into on June 13, 1986. It is noted that petitioner's attorney is, also, her husband. While the court does not speculate as to the issue of petitioner's attorney fees, the court does acknowledge that respondent is forced to retain counsel and incur costs each time this matter is brought before the court. On previous

6

occasions the court has refused to order petitioner to pay respondent's attorney fees and costs. Due to the history of this case, the insufficiency of petitioner's pleadings and proof and the need for finality in judgments in this type action, the Court finds that it is appropriate to order petitioner to pay respondent's reasonable attorney's fees and costs.

The mother argues that the award of attorney fees to the father is unsupported by any basis in law. However, a district court has the equitable power to order attorney fees when justice so requires. Holmstrom Land Co. v. Hunter (1979), 182 Mont. 43, 48, 595 P.2d 360, 363. We conclude that this is such a case. The mother has made repetitive claims on issues already decided by the court. We hold that the District Court did not abuse its discretion.

Affirmed.

_____
Justice

We Concur:

_____
J. A. Turnage
Chief Justice

_____
John Conway Harrison

_____
John C. Sheehy

_____
L. C. Gulbrandson
Justices